SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
E-mail: jpollaci@seyfarth.com
Catherine S. Feldman (SBN 299060)
E-mail: cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
KEURIG DR PEPPER INC.

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 1 2022

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDCV22-00448-MEMF-JGB (SPx)

| | |
|---|---|
| ABEL MORENO, | Case No. _____ |
| Plaintiff, | **DEFENDANT KEURIG DR PEPPER INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| v. | |
| KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1-50, inclusive, | **[28 U.S.C. §§ 1332, 1441, AND 1446]** |
| Defendants. | [San Bernardino County Superior Court Case No. CIV-SB-2129375] |
| | Complaint Filed:    January 19, 2022 |

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

80178707v.3

## TABLE OF CONTENTS

I.    BACKGROUND ........................................................................................... 1

II.   TIMELINESS OF REMOVAL ...................................................................... 2

III.  DIVERSITY OF CITIZENSHIP JURISDICTION ...................................... 2

    A.    Plaintiff Is A Citizen Of California ...................................................... 3

    B.    Defendant Keurig Dr Pepper, Inc. Is A Citizen Of Delaware, Massachusetts, And Texas, Not California ......................................... 4

    C.    Doe Defendants Are Disregarded For Diversity ................................. 5

IV.   AMOUNT IN CONTROVERSY ................................................................... 5

    A.    Plaintiff's Individual Claims Exceed $75,000 ................................... 6

        1.    Lost Wages ................................................................................. 6

        2.    Meal Period Premium Pay Damages ......................................... 7

        3.    Rest Period Premium Pay Damages .......................................... 8

        4.    Additional Penalties .................................................................. 9

        5.    Emotional Distress Damages ................................................... 11

        6.    Punitive Damages .................................................................... 12

        7.    Attorneys' Fees And Costs ...................................................... 12

V.    VENUE ...................................................................................................... 14

VI.   NOTICE OF REMOVAL ........................................................................... 14

VII.  PRAYER FOR REMOVAL ....................................................................... 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ackerman v. Western Elec. Co., Inc.,*
643 F. Supp. 836 (N.D. Cal. 1986) .............................................................................7

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000) ......................................................................................3

*Brady v. Mercedes-Benz USA, Inc.,*
243 F. Supp. 2d 1004 ...............................................................................................13

*Cassino v. Reichhold Chemicals, Inc.,*
817 F.2d 1338 (9th Cir. 1997) ....................................................................................7

*Castanon v. Int'l Paper Co.,*
2016 WL 589853 (C.D. Cal. February 11, 2016)........................................................4

*Conrad Assocs. v. Hartford Accident & Indemnity Co.,*
994 F. Supp. 1196 (N.D. Cal. 1998).............................................................................6

*Crum v. Circus Circuit Enters.,*
231 F.3d 1129 (9th Cir. 2000) .....................................................................................7

*Davenport v. Mutual Benefit Health & Accident Ass'n,*
325 F.2d 785 (9th Cir. 1963) .................................................................................6, 12

*Davis v. HSBC Bank Nevada, N.A.,*
557 F.3d 1026 (9th Cir. 2009) .....................................................................................4

*Fristoe v. Reynolds Metals, Co.,*
615 F.2d 1209 (9th Cir. 1980) .....................................................................................5

*Fritsch v. Swift Transp.,*
899 F. 3d 785 (9th Cir. 2018) ....................................................................................13

*Galt G/S v. JSS Scandinavia,*
142 F.3d 1150 (9th Cir. 1998) .................................................................................6, 12

*Gaus v. Miles, Inc.,*
980 F.2d 564 (9th Cir. 1992) .......................................................................................5

*Glenn-Davis v. City of Oakland,*
No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) ...............................................7

*Hertz Corp. v. Friend,*
559 U.S. 77 (2010).......................................................................................................4

*James v. Childtime Childcare, Inc.,*
No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1, 2007) ..............................................................................................................................7

ii

*Kantor v. Wellesley Galleries, Inc.,*
704 F.2d 1088 (9th Cir. 1983) .......................................................................3

*Lyon v. W.W. Grainger Inc.,*
2010 WL 1753194 (N.D. Cal. Apr. 29, 2010)...............................................13

*Richmond v. Allstate Ins. Co.,*
897 F. Supp. 447 (S.D. Cal. 1995).................................................................12

*Sanchez v. Monumental Life Ins.,*
102 F.3d 398 (9th Cir. 1996) ...........................................................................5

*Secru v. Laboratory Corp. of America,*
No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
2009) ................................................................................................................7

*State Farm Mut. Auto Ins. Co. v. Dyer,*
19 F.3d 514 (10th Cir. 1994) ...........................................................................3

*Traxler v. Multnomah County,*
569 F.3d 1007 (9th Cir. 2010) .........................................................................7

*Valdez v. Allstate Ins. Co.,*
372 F.3d 1115 (9th Cir. 2004) .........................................................................5

*Ward v. Cadbury Schweppes Bottling Grp.,*
2011 WL 7447633 (C.D. Cal.) .......................................................................12

**State Cases**

*Caliber Bodyworks, Inc. v. Sup. Ct.,*
134 Cal. App. 4th 365 (2005)........................................................................11

*Murphy v. Kenneth Cole Prods.,* Inc.,
40 Cal. 4th 1094 (2007).................................................................................8

*Plaintiff v. Keurig Dr. Pepper Inc., a Delaware corporation; and Does 1-50,
inclusive, Defendants,*
Case No. CIV-SB-2129375 ..............................................................................1

**Federal Statutes**

28 U.S.C. § 1332.................................................................................................5

28 U.S.C. § 1332(a) ........................................................................................5, 6

28 U.S.C. § 1332(a)(1).....................................................................................2, 14

28 U.S.C. § 1332(c)(1)........................................................................................5

28 U.S.C. § 1332(d) ...........................................................................................5

28 U.S.C. § 1391(a) ..........................................................................................14

28 U.S.C. § 1441(a) ....................................................................................2, 5, 14

iii

80178707v.3

28 U.S.C. § 1446(a) ............................................................14

28 U.S.C. § 1446(b) ............................................................2

28 U.S.C. § 1446(b)(2)(B) ...................................................2

28 U.S.C. § 1446(d) ............................................................14

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................8, 9

Cal. Bus. & Prof. Code § 17208 ........................................8, 9

Cal. Civ. Proc. Code § 340(a) ...........................................11

Cal. Lab. Code § 98.6 ........................................................1

Cal. Lab. Code § 203 .........................................................10

Cal. Lab. Code § 204 .........................................................10

Cal. Lab. Code § 210(a) .....................................................10

Cal. Lab. Code § 226 ....................................................10, 11

Cal. Lab. Code § 226(a) .....................................................11

Cal. Lab. Code §§ 226(a)(1)-(9) ........................................10

Cal. Lab. Code § 226(e)(1) .................................................10

Cal. Lab. Code § 226.7 .......................................................8

Cal. Lab. Code § 226.7(c) ................................................8, 9

Cal. Lab. Code § 232.5 .......................................................1

Cal. Lab. Code § 1102.5 ...................................................1, 9

Cal. Lab. Code § 1102.5(f) ..................................................9

Cal. Lab. Code § 2699 ........................................................2

Private Attorneys General Act ..........................................2, 6

**Other Authorities**

*Aboulafia v. GACN Inc.,*
    2013 WL 8115991 (Los Angeles Sup. Ct.) ......................12

*Christle v. City of Los Angeles,*
    2007 WL 4624405 (L.A. County Sup. Ct.) ......................13

iv

*Conney v. University of California Regents,*
   2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004)....................11

*Denenberg v. California Dep't of Trans.,*
   2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006).........13

*DFEH v. County of Riverside,*
   2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003) ......................11

*Gallegos v. Los Angeles City College,*
   2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16,
   2003) ...............................................................................................................13

*Kell v. AutoZone Inc.,*
   No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010)......11

*Leimandt v. Mega RV Corp.,*
   2011 WL 2912831 (Orange County Sup. Ct.)...................................................12

*McMillan v. City of Los Angeles,*
   2005 WL 3729094 (Los Angeles County Superior Court) (March 21,
   2005) ...............................................................................................................13

*Silverman v. Stuart F. Cooper Inc.,*
   2013 WL 5820140 (Los Angeles Sup. Ct.) .......................................................11

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.,*
   2013 WL 7852947 (Los Angeles Sup. Ct.) .......................................................12

*Welch v. Ivy Hill Corp.,*
   2011 WL 3293268 (Los Angeles Sup. Ct.) .......................................................12

v

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

80178707v.3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ABEL MORENO AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Keurig Dr Pepper, Inc. ("Defendant") hereby removes the above-referenced action from the Superior Court for the County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, based on diversity of citizenship jurisdiction. This removal is proper for the following reasons.

## I. BACKGROUND

1. On October 13, 2021, Plaintiff Abel Moreno ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino entitled *Abel Moreno, an individual, Plaintiff v. Keurig Dr. Pepper Inc., a Delaware corporation; and Does 1-50, inclusive, Defendants*, Case No. CIV-SB-2129375 (the "State Court Action").

2. In the State Court Action, Plaintiff asserts 14 causes of action for: (1) Associational Discrimination Based on Disability in Violation of the FEHA; (2) Failure to Prevent Disability-Based Discrimination; (3) Interference with Exercise of Rights Under CFRA; (4) Discrimination and/or Retaliation in Violation of CFRA; (5) Unlawful Retaliation in Violation of Labor Code §§ 98.6 and 1102.5; (6) Unlawful Retaliation in Violation of Labor Code § 232.5; (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Provide Required Meal Periods/Rest Breaks; (9) Failure to Reimburse Necessary Business Expenditures; (10) Failure to Pay Timely Wages During Employment; (11) Failure to Pay All Wages Due to Discharged and Quitting Employees; (12) Failure to Maintain Accurate Payroll Records; (13) Failure to Furnish Accurate Itemized Wage Statements; and (14) Unfair Business Practices. (the "Complaint").

3. Plaintiff did not serve the Complaint on Defendant.

4. On January 19, 2022, Plaintiff filed a First Amended Complaint ("FAC") in the State Court Action. The FAC alleges the same 14 causes of action and adds a

1

80178707v.3

fifteenth cause of action for civil penalties pursuant to Labor Code section 2699, *et. seq.*, Private Attorneys General Act ("PAGA").

5.     On February 9, 2022, Defendant received, via personal service through its process server, the Summons; the FAC; the Civil Case Cover Sheet; the Complaint; the Certificate of Judicial Assignment; the Notice of Trial Setting Conference; the Notice of Certificate of Assignment Needed; and the Initial Trial Setting Conference Statement Template. A true and correct copy of the service packet received by Defendant is attached as **Exhibit A.**

6.     On March 10, 2022, Defendant filed an Answer in San Bernardino County Superior Court in the State Court Action. A true and correct copy of the Answer filed is attached as **Exhibit B.**

7.     Defendant has not filed or received any other pleadings or papers, other than the pleadings and papers described as **Exhibit A** and **Exhibit B** in this action prior to this Notice of Removal.

8.     In the State Court Action, the Court has set a Trial Setting Conference for May 24, 2022. No other hearings or conferences have been requested by the parties or set by the Court.

9.     As discussed in greater detail below, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware, Massachusetts, and Texas. Accordingly, there is complete diversity between the parties.

## II.     TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely as it is filed within 30 days of service of a copy of the Summons and Complaint on Defendant in th is action on February 9, 2022. 28 U.S.C. § 1446(b). Defendants have 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2)(B).

## III.     DIVERSITY OF CITIZENSHIP JURISDICTION

11.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). Defendant may remove this action from state to federal court pursuant to 28

2

80178707v.3

U.S.C. section 1441(a), as it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Plaintiff Is A Citizen Of California

12.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must  . . . be domiciled in the state.").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).

13.    Plaintiff alleges in the FAC that he is "a resident of the State of California, County of San Bernardino."  (Ex. A, FAC ¶ 3.)  Further evidence that Plaintiff resides in California can be found in the fact that, during his employment with Defendant, he listed his home address in Helendale, California as his residence for the purposes of his personnel file, payroll checks, and tax withholdings.  (Declaration of Kay Slover ("Slover Decl."), ¶ 4.)  A public records search provided further evidence that Plaintiff resides in Helendale, California and has lived in San Bernardino County since at least 2008.  (Declaration of Catherine Feldman ("Feldman Decl."), ¶ 5.)

14.    Therefore, Plaintiff is, and at all times since the commencement of this action has been, a residence and citizen of the State of California.

///

///

///

3

80178707v.3

**B.      Defendant Keurig Dr Pepper, Inc. Is A Citizen Of Delaware, Massachusetts, And Texas, Not California**

15.      Defendant is not now, nor was it at the time this action commenced, a citizen of the state of California.  Rather, it is and was a citizen of Delaware, Massachusetts, and Texas.  For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at \*2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'**

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

16.      Defendant is incorporated under the laws of the State of Delaware and its principal place of business is in both Burlington, Massachusetts and Frisco, Texas. (Slover Decl., ¶ 6.)  Defendant maintains corporate headquarters in Massachusetts and Texas.  Defendant's high-level officers direct, control and coordinate the corporation's activities from these dual headquarters.  (Slover Decl., ¶ 7.)  Additionally, the majority of Defendant's executive and administrative functions are performed in or directed from Massachusetts and Texas, including corporate finance, accounting, purchasing, marketing, and information systems.  (*Id.*)  Accordingly, Defendant was at the time this action was commenced, and remains today, a citizen of the States of Delaware, Texas,

4

80178707v.3

and Massachusetts within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

17.    Because Plaintiff is not a citizen of any state of which Defendant is a citizen, there is complete diversity of citizenship pursuant to 28 U.S.C. section 1332(a) and diversity as required by 28 U.S.C. section 1332(d).

**C.    Doe Defendants Are Disregarded For Diversity**

18.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-50 does not deprive this Court of jurisdiction.

**IV.    AMOUNT IN CONTROVERSY**

19.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount." (internal citation omitted)).

20.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

21.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.

5

*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

22.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees, punitive damages, and penalties that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

**A.    Plaintiff's Individual Claims Exceed $75,000**

23.    Plaintiff's FAC alleges disability discrimination, retaliation, violation of CFRA and CFRA retaliation, whistleblower retaliation, wrongful termination, meal and rest period violations, failure to reimburse business expenditures, failure to pay wages timely, wage statement violations, waiting time penalties, and a PAGA claim. Plaintiff prays in part for compensatory, emotional distress, and punitive damages, unpaid meal and rest period premiums, reimbursement of business expenditures, attorneys' fees, and applicable penalties. (Ex. A, FAC, Prayer for Relief, ¶¶ 1-, 3, 5-7, 9 & 11.)

**1.    Lost Wages**

24.    Plaintiff alleges that he was terminated on or about April 13, 2021. (Ex. A, FAC ¶ 20.) At that time, Plaintiff earned $21.22 per hour in addition to the value of benefits he received from Defendant, and he worked an average of 40 hours per week. (Slover Decl., ¶ 5.) From the date of Plaintiff's termination, to the date of this removal filing, approximately 47 weeks have elapsed. Accordingly, thus far, Plaintiff's claim for lost wages is approximately **$39,893.60** ($21.22/hour x 40 hours/week x 47 weeks). If this case is set for trial in March 2023, by that date, Plaintiff's past lost wages would total

6

approximately **$84,880.00**. This amount does not account for the other special damages Plaintiff seeks, such as losses in employment benefits, which will further increase the claim for compensatory damages.

25.    In addition to back pay and benefits, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy). An award of three years of front pay would entitle Plaintiff to more than $132,413 in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages total **$217,293**, contributing to the amount in controversy requirement.

### 2.    Meal Period Premium Pay Damages

26.    Plaintiff's eighth cause of action for relief seeks penalties for unpaid meal periods. (Ex. A, FAC ¶¶ 76-78.)

27.    If an employer fails to provide an employee with an uninterrupted 30 minute meal period before the end of the fifth hour worked, the employee is entitled to premium

7

80178707v.3

pay equal to one hour of pay at the employee's regular rate of compensation. Cal. Lab. Code § 226.7(c).

28.    Plaintiff fails to allege the specific number of meal periods missed. However, the FAC alleges that Defendant "routinely failed and refused to provide Plaintiff with timely, complete, uninterrupted and fully off-duty meal . . . periods during Plaintiff's work shifts." (Ex. A, FAC ¶ 77.) Given the scope of these allegations, a conservative estimate would be that Plaintiff missed at least two meal periods per week.

29.    The statute of limitations for recovery for meal and rest period premium pay under California Labor Code section 226.7 is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). However, Plaintiff alleges that Defendant's alleged failure to pay meal period premiums is a violation of California Business & Professions Code section 17200. (Ex. A, FAC ¶¶ 100-105.) Thus, for determining the amount in controversy, the four year statute of limitations for a claim under the UCL applies. Cal. Bus. & Prof. Code § 17208.

30.    Plaintiff worked for Defendant from on or about August 27, 2018 until on or about April 13, 2021. (Ex. A, FAC ¶¶ 15 & 20.) Applying a four year statute of limitations based on the filing date of the Complaint on January 19, 2022, Plaintiff was allegedly denied meal periods for 71 weeks.

31.    Applying a conservative estimate of two missed, short or late meal periods per week, for 71 weeks at a rate of $21.22 per hour, Plaintiff would have a total alleged underpayment of **$3,013.24** (2 hours/week x $21.22/hour x 71 weeks).

### 3.    Rest Period Premium Pay Damages

32.    Plaintiff's eighth cause of action for relief also seeks penalties for unpaid rest periods. (Ex. A, FAC ¶¶ 76-78.)

80178707v.3

33. If an employer fails to provide an employee with a 10 minute rest period, the employee is entitled to premium pay equal to one hour of pay at the employee's regular rate of compensation. Cal. Lab. Code § 226.7(c).

34. Plaintiff fails to allege the specific number of rest periods missed. However, the FAC alleges that "Defendants routinely failed and refused to provide Plaintiff with timely, complete, uninterrupted . . . rest periods." (Ex. A, FAC ¶ 77.) Given the scope of these allegations, a conservative estimate would be that Plaintiff missed at least two rest periods per week.

35. Plaintiff alleges that by not providing "meal and rest period premium wages," Defendant violated California Business & Professions Code section 17200. (Ex. A, FAC ¶ 104.) Thus, for determining the amount in controversy, the four year statute of limitations for a claim under the UCL applies. Cal. Bus. & Prof. Code §17208.

36. Plaintiff worked for Defendant from on or about August 27, 2018 until on or about April 13, 2021. (Ex. A, FAC ¶¶ 15 & 20.) Applying a four year statute of limitations based on the filing date of the Complaint on January 19, 2022, Plaintiff was allegedly denied rest periods for 71 weeks.

37. Applying a conservative estimate of two missed rest periods per week, for 71 weeks at a rate of $21.22 per hour, Plaintiff would have a total alleged underpayment of **$3,013.24** (2 hours/week x $21.22/hour x 71 weeks).

#### 4. Additional Penalties

38. In addition to meal and rest period penalties, Plaintiff claims several additional types of penalties in his FAC, including penalties for whistleblower retaliation, failure to timely pay wages during employment, and waiting time penalties.

39. Whistleblower Retaliation Civil Penalty: Plaintiff's fifth cause of action seeks relief for whistleblower retaliation in violation of California Labor Code section 1102.5. (Ex. A, FAC ¶¶ 58-62.) Labor Code section 1102.5 provides for a penalty of **$10,000** if retaliation under that statute is proven. Cal. Lab. Code § 1102.5(f).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
80178707v.3

40.    <u>Failure To Timely Pay Wages During Employment:</u> Plaintiff's tenth cause of action seeks penalties for failure to timely pay wages during employment.  Labor Code section 204 provides for penalties in the amount of $100 for an initial violation and $200 for each subsequent violation, plus 25% of the unlawfully withheld amount per pay period.  Cal. Lab. Code § 210(a).  There is no cap on the amount of the penalty a defendant may owe for such violations.  During Plaintiff's 71 weeks of employment with Defendant, he was paid every two weeks.  Assuming that each of the 36 biweekly payments Plaintiff received were late, Plaintiff could conservatively recover **$3,600[1], not including the 25% of the unlawfully withheld amount in each of these pay periods.**

41.    <u>Waiting Time Penalties:</u> Plaintiff's eleventh cause of action seeks waiting time penalties in association with his claim that he did not receive his final pay upon termination under L0abor Code section 203.  (Ex. A, FAC ¶¶ 88-93.)  Plaintiff claims that Defendant "failed to provide Plaintiff with this unpaid compensation due and owed to him either on the day of his termination or at any time thereafter."  (Ex. A, FAC ¶ 26.)  Thus, Plaintiff is claiming the maximum 30 days of waiting time penalties, or **$5,092.80** ($21.22/hour x 8 hours/day x 30 days of alleged waiting time penalties.)

42.    <u>Wage Statement Penalties:</u> Plaintiff's thirteenth causes of action seeks penalties for inaccurate wage statements.  Plaintiff alleges that Defendant "failed to provide Plaintiff with timely and accurate wage statements pursuant to California Labor Code Sections 226(a)(1)-(9)."  (Ex. A, FAC ¶ 98.)  California Labor Code section 226 provides for a statutory penalty for failure to comply with wage statement requirements in the amount of $50 for the initial pay period and $100 for each subsequent pay period, up to a maximum of $4,000, along with the recovery of attorneys' fees.  Cal. Lab. Code §

[1] While Plaintiff may claim that 35 of these pay periods were "subsequent violations" resulting in a $200 penalty per pay period, Defendant interprets the statute as there being no "subsequent violation" unless and until there was a finding by the Labor Commissioner that there was an initial violation, and then the employer failed to correct the issue after such a finding.  Thus, Defendant calculated these penalties using the $100 initial violation amount for all pay periods.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

80178707v.3

226(e)(1). Plaintiff fails to allege the specific number of wage statements that were inaccurate. Thus, Plaintiff necessarily alleges that there was a violation of California Labor Code section 226(a) for each pay period.

43.    The statute of limitations for recovery of penalties under Labor Code section 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Plaintiff filed his Complaint on January 19, 2022. Therefore, the statutory period for this claim runs from January 19, 2021 to the present. Defendant pays its employees on a weekly basis. Accordingly, during the period of January 19, 2021 to Plaintiff's termination on April 13, 2021, Plaintiff worked approximately 12 pay periods. Thus, a conservative estimate of Plaintiff's wage statement penalties totals **$1,150** ($50 for the first pay period + $100 for each of the subsequent 11 pay periods.)

44.    Taken together, Plaintiff's FAC seeks no less than **$19,842.80** in individual penalties for the alleged violations set forth in his fifth, tenth, eleventh, and thirteenth causes of action.

### 5.    Emotional Distress Damages

45.    Plaintiff further claims emotional distress damages, including "mental pain and anguish and emotional distress." (Ex. A, FAC, Prayer for Relief ¶ 1.) In cases alleging discriminatory and retaliatory discharge, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003) (jury award of $300,000 emotional distress damages for failure to accommodate claim); *Kell v. AutoZone Inc.*, No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury

11

80178707v.3

awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceed the $75,000 amount in controversy requirement on its own.

### 6.    Punitive Damages

46.    Plaintiff also seeks punitive damages. (Ex. A, FAC, Prayer for Relief ¶ 3.) For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on his claim for punitive damages. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damage awards alone in these types of cases can greatly exceed the $75,000 amount in controversy requirement. *See Aboulida v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

### 7.    Attorneys' Fees And Costs

47.    Plaintiff also claims that he is entitled to attorneys' fees and costs. (Ex. A, Compl., Prayer for Relief ¶ 8.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*

12

80178707v.3

*G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

48.    The reasonable amount of attorneys' fees may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorneys' fees). Verdicts in similar cases show that attorneys' fees in retaliation and wrongful termination cases typically exceed $75,000. *See Christle v. City of Los Angeles,* 2007 WL 4624405 (L.A. County Sup. Ct.) (award of $804,760 in non-economic damages in retaliation case); *Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, sexual harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Superior Court) (March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16, 2003) (attorney's fees award of $159,277 for claim of wrongful discharge).

49.    For each of the foregoing reasons and based upon the allegations contained in Plaintiff's FAC, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the parties is in

13

80178707v.3

excess of $75,000, this Court has original jurisdiction of the action pursuant to 20 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.   VENUE

50.   Removal to this Court is proper because Plaintiff originally filed this action in Superior Court of the State of California, County of San Bernardino, which is located within the Central District of the State of California. Thus, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court pursuant to 28 U.S.C. sections 1391(a) and 1441(a).

## VI.   NOTICE OF REMOVAL

51.   Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, in the State Court Action.

52.   This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

53.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, discovery, and order filed and/or served in this action are attached as **Exhibit A** and **Exhibit B.**

///

///

///

///

///

///

///

///

14

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

80178707v.3

## VII.  PRAYER FOR REMOVAL

54.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: March 11, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Jamie C. Pollaci
Catherine S. Feldman
Attorneys for Defendant
KEURIG DR PEPPER INC.

15

80178707v.3

# EXHIBIT A

 **CT Corporation**

**TO:**     Stephen Cole
Keurig Dr Pepper Snapple Group
6425 HALL OF FAME LANE
FRISCO, TX 75034

**RE:**     **Process Served in California**

**FOR:**    Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ABEL MORENO, an individual // To: Keurig Dr Pepper Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2129375 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/09/2022 at 02:28 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/09/2022, Expected Purge Date: 02/14/2022 |
| | Image SOP |
| | Email Notification,  Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification,  Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification,  Annette Ceniceros  annette.ceniceros@kdrp.com |
| | Email Notification,  Lauren Timmons  lauren.timmons@kdrp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / SD

EXHIBIT A

EXHIBIT A

 CT Corporation

**Service of Process
Transmittal**
02/09/2022
CT Log Number 541030343

TO:    Stephen Cole
       Keurig Dr Pepper Snapple Group
       6425 HALL OF FAME LANE
       FRISCO, TX 75034

RE:    **Process Served in California**

FOR:   Keurig Dr Pepper Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SD

EXHIBIT A



## PROCESS SERVER DELIVERY DETAILS

Date:             Wed, Feb 9, 2022

Server Name:      Dion Jones

| Entity Served | KEURIG DR PEPPER INC. |
|---|---|
| Case Number | CIV SB 2129375 |
| Jurisdiction | CA |



EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1 through 50, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
ABEL MORENO, an individual



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

NOV 2 4 2021

BY _____ ASHLEE BAYLESS, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> (El nombre y dirección de la corte es): County of San Bernardino <br> 247 West Third Street, San Bernardino, CA 92415-0210 | CASE NUMBER: (Número del Caso): <br> CIV SB 2129375 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Danny Yadidsion, Esq. (SBN 260282), 100 Wilshire Blvd., Suite 700, Santa Monica, CA 90401; (310) 494-6082

| DATE: <br> (Fecha) | NOV 2 4 2021 | Clerk, by <br> (Secretario) | Ashlee Bayless , Deputy <br> (Adjunto) |
| --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [x] on behalf of (specify): KEURIG DR. PEPPER INC.

under: [x] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other (specify):

4. [ ] by personal delivery on (date):

Page 1 of 1

[SEAL] Copy

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT A

COPY

Danny Yadidsion (SBN 260282)
Shelley K. Mack (SBN 209596)
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Shelley.Mack@LaborLawPC.com

Attorneys for Plaintiff
ABEL MORENO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 9 2022

BY _____
NICOLE CARTWRIGHT, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ABEL MORENO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1- 50, inclusive,<br><br>Defendants. | Case No.: CIV-SB-2129375<br><br>**FIRST AMENDED INDIVIDUAL AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>1. **ASSOCIATIONAL DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")**<br><br>2. **FAILURE TO PREVENT DISABILITY-BASED DISCRIMINATION**<br><br>3. **INTERFERENCE WITH EXERCISE OF RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA")**<br><br>4. **DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE CFRA**<br><br>5. **UNLAWFUL RETALIATION (LABOR CODE §§ 98.6, 1102.5(b))**<br><br>6. **UNLAWFUL RETALIATION IN VIOLATION OF LABOR CODE SECTION 232.5**<br><br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

EXHIBIT A

8. **FAILURE TO PROVIDE REQUIRED MEAL PERIODS/REST BREAKS (LABOR CODE §§ 226.7, 510, 512, 1194, 1197; IWC WAGE ORDERS)**

9. **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENDITURES (LABOR CODE § 2802)**

10. **FAILURE TO PAY TIMELY WAGES DURING EMPLOYMENT (LABOR CODE § 204)**

11. **FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES (LABOR CODE §§ 201, 202, 203)**

12. **FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (LABOR CODE §§ 226, 1174, 1174.5; IWC WAGE ORDERS)**

13. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §§ 226; IWC WAGE ORDERS)**

14. **UNFAIR AND UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200 *ET. SEQ.*)**

15. **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*)**

Unlimited Jurisdiction, amount exceeds $25,000

<u>Jury Demand Endorsed Hereon</u>

2

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

Plaintiff ABEL MORENO ("Plaintiff"), on behalf of himself and all other similarly situated, hereby submits this individual and Representative Action Complaint for Damages against Defendant KEURIG DR. PEPPER INC. ("KEURIG") and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this individual and representative action for damages, restitution and civil penalties under California Government Code Sections 12940 and 12945.2, Business and Professions Code Section 17200 *et. seq.*, Labor Code Sections 98.6, 201-204, 226, 226.7, 232.5, 510, 512, 1102.5(b), 1174, 1174.5, 1194, 1197, 2698 *et seq.*, 2802 and applicable Industrial Welfare Commission Wage Orders. This Court has jurisdiction over Plaintiff's asserted claims because the amount in controversy exceeds this Court's jurisdictional minimum.

2. This Court is the proper Court, and this action is properly filed in San Bernardino County because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

3. Plaintiff is and at all times relevant hereto was a resident of the State of California, County of San Bernardino.

4. Defendant KEURIG DR. PEPPER INC. is and at all times relevant hereto was a Delaware corporation existing, doing business and employing individuals in the County of San Bernardino, State of California.

5. At all times relevant herein, Defendant KEURIG was Plaintiff's employer within the meaning of California Government Code Sections 12926(d), 12940(a), (h), (i) and (k) and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff

3

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

9.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    Plaintiff has filed a complaint under Government Code Section 12940 *et seq.*, the California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant KEURIG and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

4

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

12. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendant KEURIG, including, but not limited to because:

a. Defendant KEURIG is completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendant KEURIG to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. DOES 1-50 derive actual and significant monetary benefits by and through Defendant KEURIG'S unlawful conduct, and by using Defendant KEURIG as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that Defendants KEURIG and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant KEURIG and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant KEURIG is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendant KEURIG and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13. Accordingly, Defendant KEURIG constitutes the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant KEURIG and DOES 1-50 are Plaintiff's joint employers by virtue of a

5

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

joint enterprise, and that Plaintiff was an employee of Defendant KEURIG and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

## FACTUAL ALLEGATIONS

15. Defendants employed Plaintiff as a Receiver from on or about August 27, 2018 through on or about April 13, 2021 at Defendants' facility in Victorville, California. Throughout Plaintiff's employment, Plaintiff was a diligent, hard-working, knowledgeable, and overall excellent employee.

16. During the final months of Plaintiff's employment by Defendants, Plaintiff's fiancé was pregnant with his child, due on April 28, 2021. Plaintiff notified Defendants of his fiancé's pregnancy, and of his intent to take leave time from work for baby bonding following the birth of his child.

17. In early April 2021, Plaintiff's fiancé was having early contractions and experiencing medical complications with her pregnancy. On or about April 5, 2021, Plaintiff advised Defendant KEURIG Planning Manager Tara Anderson that as a result of the medical difficulties his fiancé was experiencing with her pregnancy, he would be immediately applying for medical leave time pursuant to the California Family Rights Act ("CFRA") and/or Family Medical Leave Act ("FMLA") in order to care for his fiancé through the remainder of her pregnancy before taking baby bonding leave following the birth of his child. On or about the same date, Plaintiff submitted a request to Defendants that he be permitted to use three days of accrued and available vacation leave time, covering his scheduled shifts from April 8 through April 12, 2021, in order to care for his fiancé while his application for CFRA/FMLA leave was processed. Defendant KEURIG Planning Manager Tara Anderson approved Plaintiff's vacation leave request.

18. On or about the same date, Plaintiff applied for CFRA/FMLA medical leave time in order to care for his pregnant fiancé until the birth of their child at the end of that month. Plaintiff's request for CFRA/FMLA leave was approved by Unum, Defendant's third party administrator, entitling him to up to twelve (12) weeks of job-protected medical leave time.

19. During the final months of Plaintiff's employment, Plaintiff was subjected to virtually daily questioning by a newly hired coworker regarding affiliation with and interest in organizing a union at

6

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

Defendants' workplace. Plaintiff's newly hired coworker repeatedly asked Plaintiff if he had received and filled out his union membership card and whether he supported the creation of a union at his workplace. Plaintiff had a strong interest in attempting to organize a union, and affirmed that interest in response to his coworker's questions. On information and belief, Plaintiff's newly hired coworker, who was related to a member of Defendant KEURIG'S management team, reported the substance of Plaintiff's positive comments regarding union affiliation and organization to Defendants.

20. In response to and in retaliation for Plaintiff's attempt to exercise his legal right to take job-protected medical leave time from work to care for his fiancé through the remainder of her pregnancy and Plaintiff's expressed interest in organizing a union at Defendant's workplace, and as a result of discriminatory associational animus towards Plaintiff based on his fiancé's disability and/or serious medical condition, Defendants abruptly terminated Plaintiff's employment on or about April 13, 2021.

21. Defendants' wrongful and unlawful termination of Plaintiff's employment has caused, and will continue to cause, Plaintiff severe and prolonged emotional distress, anxiety, and depression.

22. Throughout the duration of Plaintiff's employment, Defendants regularly denied and prohibited Plaintiff from taking timely, complete, uninterrupted and fully off-duty meal periods and rest breaks. In accordance with their company policy and/or practice, Defendants required Plaintiff to remain on site and to keep his radio on during all meal and rest periods in order to receive and immediately respond to urgent work requests. As a result, Plaintiff frequently experienced on-duty, shortened and interrupted meal and rest periods throughout the duration of his employment by Defendants.

23. Defendants deterred and discouraged Plaintiff from taking legally compliant meal periods and rest breaks, and Defendants knew or reasonably should have known that their policies and practices would cause Plaintiff to experience regular meal and rest period violations. Defendants failed to provide Plaintiff with all premium wages due and owed to him for missed, late, shortened, interrupted and/or on-duty meal periods and rest breaks.

24. Throughout the duration of Plaintiff's employment, Defendants required Plaintiff to use his personal cell phone for purposes of communicating with drivers and Defendants' management and supervisory personnel regarding Defendants' business, both during Plaintiff's scheduled work shifts and after hours. Defendants failed to reimburse Plaintiff for any of the expenses he incurred throughout his

7

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

employment in connection with the use of his personal cell phone in performing his job duties on Defendants' behalf.

25.    The wage statements Defendants issued to Plaintiff throughout his employment are non-compliant with California's pay stub law. Plaintiff's wage statements from Defendants failed to include the meal and rest period premium wages due and owed to Plaintiff each pay period, and thus fail to include all compensation as required by the California Labor Code.

26.    At the time Defendants terminated his employment, Plaintiff was due and owed unpaid wages and other compensation in the form of unpaid meal and rest period premium wages and unreimbursed business expenses. Defendants failed to provide Plaintiff with this unpaid compensation due and owed to him either on the day of his termination or at any time thereafter.

## FIRST CAUSE OF ACTION

### Associational Discrimination Based on Disability in Violation of the FEHA

### [Cal. Govt. Code § 12940(a)]

### (Against All Defendants)

27.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

28.    At all times relevant to this action, Plaintiff was employed by Defendants.

29.    At all times relevant to this action, Defendants were employers who regularly employed five (5) or more persons within the meaning of California Government Code Section 12926(d).

30.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of California Government Code Section 12940(a) as a result of his pregnant fiancé's disability and/or serious medical condition.

31.    Defendants discriminated against and/or subjected Plaintiff to disparate treatment on the basis of his fiancé's disability and/or serious medical condition in violation of California Government Code Section 12940(a), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the paragraphs stated above. Defendants' decision to terminate Plaintiff's employment was substantially motivated by discriminatory animus towards Plaintiff because of his membership in the protected class.

8

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

32. As a direct and proximate result of Defendants' discriminatory termination of his employment, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and will continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

34. Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

35. Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

36. Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### Failure to Prevent Disability-Based Discrimination

### [Cal. Govt. Code § 12940(k)]

### (Against All Defendants)

37. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

9

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

38. During the course of Plaintiff's employment, Defendants failed to prevent or remedy discrimination and/or disparate treatment against Plaintiff on the basis of his membership in a protected class in violation of Government Code Section 12940(k).

39. As a direct result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time of trial, including special and general damages.

40. As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received, all to his damage and in a sum within the jurisdiction of this Court, to be ascertained according to proof at trial.

41. Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

42. Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

43. Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**Interference with Exercise of Rights Under the CFRA**

**[Cal. Govt. Code §§ 12945.2(a) and (q)]**

**(Against All Defendants)**

10

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

44.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

45.    The California Family Rights Act ("CFRA") requires that an employer must provide an eligible employee with up to twelve (12) workweeks of medical leave time to care for the employee's serious health condition or a family member or domestic partner's serious health condition. The CFRA also requires California employers to guarantee eligible employees the same or a comparable position upon the termination of CFRA medical leave.

46.    Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

47.    Defendants interfered with Plaintiff's exercise of his legal rights pursuant to the CFRA by, *inter alia*, refusing to allow Plaintiff to take job-protected CFRA medical leave time from work to care for his fiancé's serious health condition, as described in more detail above.

48.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

49.    As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

50.    In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.

11

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

51. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

## FOURTH CAUSE OF ACTION

### Discrimination and/or Retaliation in Violation of the CFRA

### [Cal. Govt. Code §§ 12945.2(k) and (q)]

### (Against All Defendants)

52. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

53. Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

54. In violation of Government Code Sections 12945.2(k) and (q), Defendants unlawfully discriminated and/or retaliated against Plaintiff for his attempt to exercise his legal rights pursuant to the CFRA by terminating his employment with Defendants, as described in more detail above.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

56. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

12

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

57. In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

58. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

## FIFTH CAUSE OF ACTION

### Unlawful Retaliation

### [Cal. Lab. Code §§ 98.6 and 1102.5(b))]

### (Against All Defendants)

58. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

59. As detailed above, in response to and in retaliation for Plaintiff's legally protected statements expressing interest in organizing a union at Defendants' workplace, Defendants summarily terminated Plaintiff's employment.

60. As a direct and proximate result of Defendants' unlawfully retaliatory conduct, Plaintiff was denied continued employment and has suffered and will continue to suffer pecuniary and non-pecuniary damages, including without limitation lost wages, lost benefits, diminished earning capacity, nervousness, humiliation, depression, anxiety, embarrassment, fright, shock, pain, discomfort, fatigue, mental anguish and emotional distress, all in an amount to be proven at trial.

61. As a direct, proximate and foreseeable result of the aforesaid acts of Defendants and/or their agents, Plaintiff has lost and will continue to lose income, in an amount to be proven at the time of trial. On that basis, Plaintiff seeks back pay, front pay, and all other appropriate remedies and statutory penalties. Plaintiff also has incurred and will continue to incur attorney's fees and costs, and thereby

13

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

claims such amounts as damages, together with pre-judgment interest, pursuant to California Civil Code Section 3287.

62.    In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

### SIXTH CAUSE OF ACTION

#### Unlawful Retaliation in Violation of Labor Code Section 232.5

#### [Cal. Lab. Code § 232.5]

#### (Against All Defendants)

63.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

64.    At all times relevant herein, California Labor Code Section 232.5 was in full force and effect and binding upon Defendants. In pertinent part, Labor Code Section 232.5(c) prohibits California employers from discharging, formally disciplining, or otherwise discriminating against any employee for disclosing information about the employer's working conditions.

65.    As more fully detailed above, Plaintiff discussed Defendants' working conditions with a coworker, including without limitation the manner in which those working conditions might be improved by union membership and representation. Plaintiff is informed and believes that Defendants discharged him from his employment in retaliation for having discussed Defendants' working conditions with a coworker, including without limitation the manner in which those conditions might be improved by union membership and representation.

66.    As a direct, foreseeable, and proximate result of Defendants' illegal action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff suffered loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received

14

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

but for Defendants' illegal conduct, all in an amount subject to proof at the time of trial.

67. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants as herein alleged, Plaintiff has also suffered and continue to suffer garden variety emotional distress and anguish, humiliation, anxiety, and medical expenses all to their damage in an amount subject to proof at trial.

68. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequence of Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the illegal behavior and enabled agents to believe that their conduct was appropriate.

69. These unlawful acts were further encouraged by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which culminated in his discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

70. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

67. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

68. At all times relevant to this action, Plaintiff was employed by Defendants.

69. At all times relevant to this action, California Government Code Section 12900 *et seq.* was in full force and effect and was binding upon Defendants. California Government Code Section 12900 *et seq.* prohibits Defendants, *inter alia*, from discriminating against or subjecting any employee to disparate treatment on the basis of his membership in a protected class, failing to take all reasonable steps necessary to prevent such discrimination and/or disparate treatment from occurring, interfering with an employee's

15

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

ability to take job-protected CFRA medical leave time, and/or retaliating against any employee for attempting to exercise his legal rights under the CFRA.

70. At all times relevant to this action, California Labor Code Sections 98.6 and 1102.5(b) also were in full force and effect and were binding upon Defendants. Labor Code Sections 98.6 and 1102.5(b) prohibit Defendants from retaliating against any employee for exercising or attempting to exercise any right guaranteed to him under the Labor Code.

71. California Government Code Section 12900 *et seq.* and California Labor Code Sections 98.6 and 1102.5(b) codify policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental under California state law.

72. Defendants' wrongful termination of Plaintiff's employment was substantially motivated by Plaintiff's membership in a protected class under the FEHA, Plaintiff's legally protected comments expressing interest in union membership and organization in Defendants' workplace, and Plaintiff's legal exercise of his right to apply for and take job-protected CFRA medical leave time in order to care for his fiancé's serious health condition.

73. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

74. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

75. In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code

16

FIRST AMENDED COMPLAINT FOR DAMAGES

Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

### EIGHTH CAUSE OF ACTION

**Failure to Provide Required Meal Periods and Rest Breaks**

**[Cal. Lab. Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Orders]**

**(Against All Defendants)**

76.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

77.     Defendants routinely failed and refused to provide Plaintiff with timely, complete, uninterrupted and fully off-duty meal and rest periods during Plaintiff's work shifts, and failed and refused to compensate Plaintiff when he worked during meal and rest periods, had meal and rest periods shortened or interrupted, or was required to take late or on-duty meal and rest periods, as required by Labor Code Sections 226.7 and 512 and other applicable laws and regulations.

78.     Defendants deprived Plaintiff of his rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs, and statutory and civil penalties pursuant to Labor Code Section 558 and other applicable laws and regulations.

### NINTH CAUSE OF ACTION

**Failure to Reimburse Necessary Business Expenditures**

**[Cal. Lab. Code § 2802]**

**(Against All Defendants)**

79.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

80.     Defendants failed to indemnify Plaintiff, as their employee, for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of his work-related duties.

81.     As a proximate cause of Defendants' failure to indemnify or reimburse Plaintiff, Plaintiff has been deprived of compensation for work-related expenses arising from and in direct consequence of

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

the discharge of his work duties, and been damaged in an amount according to proof at the time of trial.

82.   Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs pursuant to Labor Code Section 2802 *et seq.*, and statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

## TENTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

### [Cal. Lab. Code § 204]

### (Against All Defendants)

83.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

84.   Pursuant to California Labor Code Section 204, for all labor performed between the 1st and 15th days of any calendar month, Defendants are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code Section 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their nonexempt employees between the 1st and 15th day of the following calendar month. In addition, California Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

85.   Defendants knowingly and willfully failed to pay Plaintiff all wages earned and owed to him when due as required by California Labor Code Section 204.

86.   Pursuant to California Labor Code Section 210, failure to pay the wages of each employee as provided in Labor Code Section 204 subjects Defendants to a civil penalty of: (1) one hundred dollars ($100.00) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200.00) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

87.   Defendants' conduct as described herein violates California Labor Code Section 204. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 200, 210, 226, 558,

18

FIRST AMENDED COMPLAINT FOR DAMAGES

2699, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover the unpaid balance of wages due and owed to him by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## ELEVENTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Lab. Code §§ 201, 202, 203]

### (Against All Defendants)

88.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

89.    Pursuant to California Labor Code Sections 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code Section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

90.    Pursuant to California Labor Code Section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

91.    California Labor Code Section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code Sections 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) workdays.

92.    Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with California Labor Code Sections 201 and 202.

93.    As a result, Plaintiff is entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code Section 203, together with interest thereon, as well as other available remedies.

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

## TWELFTH CAUSE OF ACTION

### Failure to Maintain Accurate Payroll Records

### [Cal. Lab. Code §§ 226, 1174, 1174.5; IWC Wage Orders]

### (Against All Defendants)

94.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

95.    Defendants failed to maintain complete and accurate payroll records for Plaintiff throughout the duration of his employment, showing work period start and stop times, meal period start and stop times, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate.

96.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor Code Sections 1174.5 and 558 and other applicable laws and regulations.

## THIRTEENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Lab. Code §§ 226; IWC Wage Orders]

### (Against All Defendants)

97.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

98.    Defendants failed to provide Plaintiff with timely and accurate wage statements pursuant to California Labor Code Sections 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate units earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing Plaintiff (Cal. Lab. Code § 226(a)(8)); and/or all

20

FIRST AMENDED COMPLAINT FOR DAMAGES

applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate (Cal. Lab. Code § 226(a)(9)).

99.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor Code Sections 226, 226.3, 246 and 558 and other applicable laws and regulations.

### FOURTEENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against All Defendants)**

100.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

101.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or applicable IWC Wage Orders, as alleged herein, including but not limited to Defendants' failure and refusal to provide required meal periods, Defendants' failure and refusal to provide required rest periods, Defendants' failure and refusal to reimburse necessary business expenditures, Defendants' failure and refusal to pay all wages due and owed to discharged or quitting employees, Defendants' failure and refusal to furnish accurate itemized wage statements, and Defendants' failure and refusal to maintain required records, constitutes an unfair and unlawful business practice under California Business and Professions Code Section 17200 et seq.

102.    Defendants' violations of California wage and hour laws as alleged herein constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

103.    Defendants have avoided payment of meal and rest period premium wages, necessary business expenditures, wage statement damages, waiting time penalties, and other benefits as required by the California Labor Code, the California Code of Regulations, and applicable IWC Wage Orders. As a result of these predicate violations, Defendants additionally have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

104.    As a result of Defendants' unfair and unlawful business practices, Defendants have

21

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

reaped unfair and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff.

105.   Defendants' unfair and unlawful business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff the wages and other compensation unlawfully withheld from him. Plaintiff is entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## FIFTEENTH CAUSE OF ACTION

### Civil Penalties Under the California Private Attorneys' General Act

### [Cal. Lab. Code § 2698 *et. seq.*]

### (Against All Defendants)

106.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

107.   Defendants have committed several Labor Code violations against Plaintiff and other similarly situated aggrieved employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code Section 2698 *et seq.*, acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code Section 2699 (a) and (f) including, but not limited to $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)   Failing to provide Plaintiff and other similarly aggrieved employees with legally compliant meal periods and rest breaks, and meal and rest period premium wages due and owed to them, in violation of Labor Code Sections 226.7, 510, 512, 1194 and 1197;

(b)   Failing to reimburse Plaintiff and other similarly aggrieved employees for necessary business expenditures incurred on Defendants' behalf in violation of Labor Code Section 2802;

22

(c)   Failing to provide Plaintiff and other similarly aggrieved employees with timely payment of wages due and owed to them in violation of Labor Code Section 204;

(d)   Failing to provide Plaintiff and other similarly aggrieved employees with all wages and other compensation due and owed to them at the time of their separation from Defendants' employment in violation of Labor Code Sections 201, 202 and 203;

(e)   Failing to maintain accurate payroll records for Plaintiff and other similarly aggrieved employees in violation of Labor Code Sections 226, 1174 and 1174.5; and

(f)   Failing to furnish Plaintiff and other similarly aggrieved employees with accurate, itemized wage statements in violation of Labor Code Section 226.

108.   On or about November 12, 2021, Plaintiff notified Defendant KEURIG via certified mail and filed an online PAGA claim notice with the California Labor and Workforce Development Agency ("LWDA") identifying Defendant's violations of the California Labor Code identified in this Complaint and Plaintiff's intent to bring a claim for civil penalties under California Labor Code Section 2698 *et seq.* Plaintiff also submitted a filing fee of seventy-five ($75.00) to the LWDA in accordance with Labor Code section 2699.3(a)(1)(B). Sixty-five days have passed from the date of Plaintiff's notice to the LWDA, and thus Plaintiff has exhausted his administrative remedies, thereby allowing Plaintiff to commence a civil action against Defendants pursuant to Labor Code Section 2699.

109.   Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor Code Section 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

3. For punitive damages pursuant to Civil Code Section 3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4. For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California Business and Professions Code Sections 17203 and 17204;

5. For payment of unpaid meal and rest period premium wages pursuant to California Labor Code Sections 226.7 and 512 and applicable IWC Wage Orders;

6. For reimbursement of necessary business expenditures pursuant to California Labor Code Section 2802;

7. For payment of penalties in accordance with California law, including but not limited to penalties pursuant to California Labor Code Sections 203 and 226(e);

8. For civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code Sections 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100.00 for each subsequent violation of Labor Code Section 558 per employee per pay period plus an mount sufficient to recover the unpaid wages and; (2) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code Section 2699.5;

9. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code, and/or any other basis;

10. For pre- and post-judgment interest;

24

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

11. For penalties as required by law; and

12. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED:  January 18, 2022

LABOR LAW PC

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED:  January 18, 2022

LABOR LAW PC

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

25

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Danny Yadidsion, Esq., SBN 260282; Shelley K. Mack, Esq., SBN 209596 Labor Law PC, 100 Wilshire Blvd., Suite 700, Santa Monica, CA 90401 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 494-6082    FAX NO. *(Optional)*: E-MAIL ADDRESS: danny@laborlawpc.com; shelley.mack@laborlawpc.com ATTORNEY FOR *(Name)*: PLAINTIFF Abel Moreno | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO CIVIL DIVISION |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO STREET ADDRESS: 247 West Third Street MAILING ADDRESS: CITY AND ZIP CODE: San Bernardino, CA 92415-0210 BRANCH NAME: San Bernardino District - Civil Division | OCT 13 2021 BY _____ ASHLEE CAYLESS, DEPUTY |

CASE NAME:
Abel Moreno v. Keurig Dr. Pepper Inc., et al.

| CIVIL CASE COVER SHEET [x] Unlimited [ ] Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | Complex Case Designation [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIV SB 2129375 JUDGE DEPT |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: Fourteen (14)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 8, 2021

Danny Yadidsion, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Danny Yadidsion*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740 Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

EXHIBIT A

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]                **CIVIL CASE COVER SHEET**                Page 2 of 2

EXHIBIT A

Danny Yadidsion (SBN 260282)
Shelley K. Mack (SBN 209596)
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Shelley.Mack@LaborLawPC.com

Attorneys for Plaintiff
ABEL MORENO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

OCT 18 2021

BY _____
ASHLEE PAYLESS, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ABEL MORENO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: **CIV SB 2129375** <br><br> COMPLAINT FOR DAMAGES FOR <br><br> 1. ASSOCIATIONAL DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") <br><br> 2. FAILURE TO PREVENT DISABILITY-BASED DISCRIMINATION <br><br> 3. INTERFERENCE WITH EXERCISE OF RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") <br><br> 4. DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE CFRA <br><br> 5. UNLAWFUL RETALIATION (LABOR CODE §§ 98.6, 1102.5(b)) <br><br> 6. UNLAWFUL RETALIATION IN VIOLATION OF LABOR CODE SECTION 232.5 <br><br> 7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY <br><br> 8. FAILURE TO PROVIDE REQUIRED MEAL PERIODS/REST BREAKS |

EXHIBIT A

(LABOR CODE §§ 226.7, 510, 512, 1194, 1197; IWC WAGE ORDERS)

9. FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENDITURES (LABOR CODE § 2802)

10. FAILURE TO PAY TIMELY WAGES DURING EMPLOYMENT (LABOR CODE § 204)

11. FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES (LABOR CODE §§ 201, 202, 203)

12. FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (LABOR CODE §§ 226, 1174, 1174.5; IWC WAGE ORDERS)

13. FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §§ 226; IWC WAGE ORDERS)

14. UNFAIR AND UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200 *ET. SEQ.*)

Unlimited Jurisdiction, amount exceeds $25,000

Jury Demand Endorsed Hereon

2

COMPLAINT FOR DAMAGES

EXHIBIT A

Plaintiff ABEL MORENO ("Plaintiff"), an individual, hereby submits this Complaint for Damages against Defendant KEURIG DR. PEPPER INC. ("KEURIG"), a Delaware corporation, and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court is the proper Court, and this action is properly filed in San Bernardino County because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

### THE PARTIES

2.      Plaintiff is and at all times relevant hereto was a resident of the State of California, County of San Bernardino.

3.      Defendant KEURIG DR. PEPPER INC. is and at all times relevant hereto was a Delaware corporation existing, doing business and employing individuals in the County of San Bernardino, State of California.

4.      At all times relevant herein, Defendant KEURIG was Plaintiff's employer within the meaning of California Government Code Sections 12926(d), 12940(a), (h), (i) and (k) and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture

3

COMPLAINT FOR DAMAGES

EXHIBIT A

and with the permission and consent of each of the other Defendants.

7.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

8.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9.    Plaintiff has filed a complaint under Government Code Section 12940 *et seq.*, the California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

10.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant KEURIG and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

11.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendant KEURIG, including, but not limited to because:

a.    Defendant KEURIG is completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendant KEURIG to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-50 derive actual and significant monetary benefits by and through Defendant KEURIG'S unlawful conduct, and by using Defendant KEURIG as the funding source for

4

COMPLAINT FOR DAMAGES

EXHIBIT A

their own personal expenditures.

c. Plaintiff is informed and believes that Defendants KEURIG and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant KEURIG and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant KEURIG is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendant KEURIG and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12. Accordingly, Defendant KEURIG constitutes the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

13. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant KEURIG and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant KEURIG and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

## FACTUAL ALLEGATIONS

14. Defendants employed Plaintiff as a Receiver from on or about August 27, 2018 through on or about April 13, 2021 at Defendants' facility in Victorville, California. Throughout Plaintiff's employment, Plaintiff was a diligent, hard-working, knowledgeable, and overall excellent employee.

5

15. During the final months of Plaintiff's employment by Defendants, Plaintiff's fiancé was pregnant with his child, due on April 28, 2021. Plaintiff notified Defendants of his fiancé's pregnancy, and of his intent to take leave time from work for baby bonding following the birth of his child.

16. In early April 2021, Plaintiff's fiancé was having early contractions and experiencing medical complications with her pregnancy. On or about April 5, 2021, Plaintiff advised Defendant KEURIG Planning Manager Tara Anderson that as a result of the medical difficulties his fiancé was experiencing with her pregnancy, he would be immediately applying for medical leave time pursuant to the California Family Rights Act ("CFRA") and/or Family Medical Leave Act ("FMLA") in order to care for his fiancé through the remainder of her pregnancy before taking baby bonding leave following the birth of his child. On or about the same date, Plaintiff submitted a request to Defendants that he be permitted to use three days of accrued and available vacation leave time, covering his scheduled shifts from April 8 through April 12, 2021, in order to care for his fiancé while his application for CFRA/FMLA leave was processed. Defendant KEURIG Planning Manager Tara Anderson approved Plaintiff's vacation leave request.

17. On or about the same date, Plaintiff applied for CFRA/FMLA medical leave time in order to care for his pregnant fiancé until the birth of their child at the end of that month. Plaintiff's request for CFRA/FMLA leave was approved by Unum, Defendant's third party administrator, entitling him to up to twelve (12) weeks of job-protected medical leave time.

18. During the final months of Plaintiff's employment, Plaintiff was subjected to virtually daily questioning by a newly hired coworker regarding affiliation with and interest in organizing a union at Defendants' workplace. Plaintiff's newly hired coworker repeatedly asked Plaintiff if he had received and filled out his union membership card and whether he supported the creation of a union at his workplace. Plaintiff had a strong interest in attempting to organize a union, and affirmed that interest in response to his coworker's questions. On information and belief, Plaintiff's newly hired coworker, who was related to a member of Defendant KEURIG'S management team, reported the substance of Plaintiff's positive comments regarding union affiliation and organization to Defendants.

19. In response to and in retaliation for Plaintiff's attempt to exercise his legal right to take job-protected medical leave time from work to care for his fiancé through the remainder of her pregnancy

6

COMPLAINT FOR DAMAGES

EXHIBIT A

and Plaintiff's expressed interest in organizing a union at Defendant's workplace, and as a result of discriminatory associational animus towards Plaintiff based on his fiancé's disability and/or serious medical condition, Defendants abruptly terminated Plaintiff's employment on or about April 13, 2021.

20. Defendants' wrongful and unlawful termination of Plaintiff's employment has caused, and will continue to cause, Plaintiff severe and prolonged emotional distress, anxiety, and depression.

21. Throughout the duration of Plaintiff's employment, Defendants regularly denied and prohibited Plaintiff from taking timely, complete, uninterrupted and fully off-duty meal periods and rest breaks. In accordance with their company policy and/or practice, Defendants required Plaintiff to remain on site and to keep his radio on during all meal and rest periods in order to receive and immediately respond to urgent work requests. As a result, Plaintiff frequently experienced on-duty, shortened and interrupted meal and rest periods throughout the duration of his employment by Defendants.

22. Defendants deterred and discouraged Plaintiff from taking legally compliant meal periods and rest breaks, and Defendants knew or reasonably should have known that their policies and practices would cause Plaintiff to experience regular meal and rest period violations. Defendants failed to provide Plaintiff with all premium wages due and owed to him for missed, late, shortened, interrupted and/or on-duty meal periods and rest breaks.

23. Throughout the duration of Plaintiff's employment, Defendants required Plaintiff to use his personal cell phone for purposes of communicating with drivers and Defendants' management and supervisory personnel regarding Defendants' business, both during Plaintiff's scheduled work shifts and after hours. Defendants failed to reimburse Plaintiff for any of the expenses he incurred throughout his employment in connection with the use of his personal cell phone in performing his job duties on Defendants' behalf.

24. The wage statements Defendants issued to Plaintiff throughout his employment are non-compliant with California's pay stub law. Plaintiff's wage statements from Defendants failed to include the meal and rest period premium wages due and owed to Plaintiff each pay period, and thus fail to include all compensation as required by the California Labor Code.

25. At the time Defendants terminated his employment, Plaintiff was due and owed unpaid wages and other compensation in the form of unpaid meal and rest period premium wages and

7

COMPLAINT FOR DAMAGES

EXHIBIT A

unreimbursed business expenses. Defendants failed to provide Plaintiff with this unpaid compensation due and owed to him either on the day of his termination or at any time thereafter.

### FIRST CAUSE OF ACTION

**Associational Discrimination Based on Disability in Violation of the FEHA**

**[Cal. Govt. Code § 12940(a)]**

**(Against All Defendants)**

26.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

27.    At all times relevant to this action, Plaintiff was employed by Defendants.

28.    At all times relevant to this action, Defendants were employers who regularly employed five (5) or more persons within the meaning of California Government Code Section 12926(d).

29.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of California Government Code Section 12940(a) as a result of his pregnant fiancé's disability and/or serious medical condition.

30.    Defendants discriminated against and/or subjected Plaintiff to disparate treatment on the basis of his fiancé's disability and/or serious medical condition in violation of California Government Code Section 12940(a), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the paragraphs stated above. Defendants' decision to terminate Plaintiff's employment was substantially motivated by discriminatory animus towards Plaintiff because of his membership in the protected class.

31.    As a direct and proximate result of Defendants' discriminatory termination of his employment, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

8

COMPLAINT FOR DAMAGES

EXHIBIT A

32.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and will continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

33.    Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

34.    Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

35.    Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**Failure to Prevent Disability-Based Discrimination**

**[Cal. Govt. Code § 12940(k)]**

**(Against All Defendants)**

36.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

37.    During the course of Plaintiff's employment, Defendants failed to prevent or remedy discrimination and/or disparate treatment against Plaintiff on the basis of his membership in a protected class in violation of Government Code Section 12940(k).

38.    As a direct result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time of trial, including special and general damages.

9

COMPLAINT FOR DAMAGES

EXHIBIT A

39.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received, all to his damage and in a sum within the jurisdiction of this Court, to be ascertained according to proof at trial.

40.     Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

41.     Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

42.     Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

### Interference with Exercise of Rights Under the CFRA

### [Cal. Govt. Code §§ 12945.2(a) and (q)]

### (Against All Defendants)

43.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

44.     The California Family Rights Act ("CFRA") requires that an employer must provide an eligible employee with up to twelve (12) workweeks of medical leave time to care for the employee's serious health condition or a family member or domestic partner's serious health condition. The CFRA also requires California employers to guarantee eligible employees the same or a comparable position upon the termination of CFRA medical leave.

10

COMPLAINT FOR DAMAGES

EXHIBIT A

45.     Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

46.     Defendants interfered with Plaintiff's exercise of his legal rights pursuant to the CFRA by, *inter alia*, refusing to allow Plaintiff to take job-protected CFRA medical leave time from work to care for his fiancé's serious health condition, as described in more detail above.

47.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

48.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

49.     In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

50.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

//

//

11

COMPLAINT FOR DAMAGES

EXHIBIT A

## FOURTH CAUSE OF ACTION

### Discrimination and/or Retaliation in Violation of the CFRA

### [Cal. Govt. Code §§ 12945.2(k) and (q)]

### (Against All Defendants)

51.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

52.    Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

53.    In violation of Government Code Sections 12945.2(k) and (q), Defendants unlawfully discriminated and/or retaliated against Plaintiff for his attempt to exercise his legal rights pursuant to the CFRA by terminating his employment with Defendants, as described in more detail above.

54.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

55.    As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

56.    In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code

12

COMPLAINT FOR DAMAGES

EXHIBIT A

Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

57.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

## FIFTH CAUSE OF ACTION

### Unlawful Retaliation

### [Cal. Lab. Code §§ 98.6 and 1102.5(b))]

### (Against All Defendants)

58.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

59.     As detailed above, in response to and in retaliation for Plaintiff's legally protected statements expressing interest in organizing a union at Defendants' workplace, Defendants summarily terminated Plaintiff's employment.

60.     As a direct and proximate result of Defendants' unlawfully retaliatory conduct, Plaintiff was denied continued employment and has suffered and will continue to suffer pecuniary and non-pecuniary damages, including without limitation lost wages, lost benefits, diminished earning capacity, nervousness, humiliation, depression, anxiety, embarrassment, fright, shock, pain, discomfort, fatigue, mental anguish and emotional distress, all in an amount to be proven at trial.

61.     As a direct, proximate and foreseeable result of the aforesaid acts of Defendants and/or their agents, Plaintiff has lost and will continue to lose income, in an amount to be proven at the time of trial. On that basis, Plaintiff seeks back pay, front pay, and all other appropriate remedies and statutory penalties. Plaintiff also has incurred and will continue to incur attorney's fees and costs, and thereby claims such amounts as damages, together with pre-judgment interest, pursuant to California Civil Code Section 3287.

62.     In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel

13

COMPLAINT FOR DAMAGES

EXHIBIT A

hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

## SIXTH CAUSE OF ACTION

### Unlawful Retaliation in Violation of Labor Code Section 232.5

### [Cal. Lab. Code § 232.5]

### (Against All Defendants)

63. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

64. At all times relevant herein, California Labor Code Section 232.5 was in full force and effect and binding upon Defendants. In pertinent part, Labor Code Section 232.5(c) prohibits California employers from discharging, formally disciplining, or otherwise discriminating against any employee for disclosing information about the employer's working conditions.

65. As more fully detailed above, Plaintiff discussed Defendants' working conditions with a coworker, including without limitation the manner in which those working conditions might be improved by union membership and representation. Plaintiff is informed and believes that Defendants discharged him from his employment in retaliation for having discussed Defendants' working conditions with a coworker, including without limitation the manner in which those conditions might be improved by union membership and representation.

66. As a direct, foreseeable, and proximate result of Defendants' illegal action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff suffered loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' illegal conduct, all in an amount subject to proof at the time of trial.

67. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants as herein alleged, Plaintiff has also suffered and continue to suffer garden variety emotional distress and anguish, humiliation, anxiety, and medical expenses all to their damage in an amount subject to proof at trial.

EXHIBIT A

68.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequence of Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the illegal behavior and enabled agents to believe that their conduct was appropriate.

69.     These unlawful acts were further encouraged by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which culminated in his discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

70.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

67.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

68.     At all times relevant to this action, Plaintiff was employed by Defendants.

69.     At all times relevant to this action, California Government Code Section 12900 *et seq.* was in full force and effect and was binding upon Defendants. California Government Code Section 12900 *et seq.* prohibits Defendants, *inter alia*, from discriminating against or subjecting any employee to disparate treatment on the basis of his membership in a protected class, failing to take all reasonable steps necessary to prevent such discrimination and/or disparate treatment from occurring, interfering with an employee's ability to take job-protected CFRA medical leave time, and/or retaliating against any employee for attempting to exercise his legal rights under the CFRA.

70.     At all times relevant to this action, California Labor Code Sections 98.6 and 1102.5(b) also were in full force and effect and were binding upon Defendants. Labor Code Sections 98.6 and 1102.5(b) prohibit Defendants from retaliating against any employee for exercising or attempting to exercise any right guaranteed to him under the Labor Code.

15

COMPLAINT FOR DAMAGES

EXHIBIT A

71.    California Government Code Section 12900 *et seq.* and California Labor Code Sections 98.6 and 1102.5(b) codify policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental under California state law.

72.    Defendants' wrongful termination of Plaintiff's employment was substantially motivated by Plaintiff's membership in a protected class under the FEHA, Plaintiff's legally protected comments expressing interest in union membership and organization in Defendants' workplace, and Plaintiff's legal exercise of his right to apply for and take job-protected CFRA medical leave time in order to care for his fiancé's serious health condition.

73.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

74.    As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

75.    In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

**EIGHTH CAUSE OF ACTION**

**Failure to Provide Required Meal Periods and Rest Breaks**

**[Cal. Lab. Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Orders]**

**(Against All Defendants)**

16

COMPLAINT FOR DAMAGES

EXHIBIT A

76.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

77.    Defendants routinely failed and refused to provide Plaintiff with timely, complete, uninterrupted and fully off-duty meal and rest periods during Plaintiff's work shifts, and failed and refused to compensate Plaintiff when he worked during meal and rest periods, had meal and rest periods shortened or interrupted, or was required to take late or on-duty meal and rest periods, as required by Labor Code Sections 226.7 and 512 and other applicable laws and regulations.

78.    Defendants deprived Plaintiff of his rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs, and statutory and civil penalties pursuant to Labor Code Section 558 and other applicable laws and regulations.

## NINTH CAUSE OF ACTION

### Failure to Reimburse Necessary Business Expenditures

### [Cal. Lab. Code § 2802]

### (Against All Defendants)

79.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

80.    Defendants failed to indemnify Plaintiff, as their employee, for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of his work-related duties.

81.    As a proximate cause of Defendants' failure to indemnify or reimburse Plaintiff, Plaintiff has been deprived of compensation for work-related expenses arising from and in direct consequence of the discharge of his work duties, and been damaged in an amount according to proof at the time of trial.

82.    Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs pursuant to Labor Code Section 2802 *et seq.*, and statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

//

//

17

COMPLAINT FOR DAMAGES

EXHIBIT A

## TENTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

### [Cal. Lab. Code § 204]

### (Against All Defendants)

83. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

84. Pursuant to California Labor Code Section 204, for all labor performed between the 1st and 15th days of any calendar month, Defendants are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code Section 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their nonexempt employees between the 1st and 15th day of the following calendar month. In addition, California Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

85. Defendants knowingly and willfully failed to pay Plaintiff all wages earned and owed to him when due as required by California Labor Code Section 204.

86. Pursuant to California Labor Code Section 210, failure to pay the wages of each employee as provided in Labor Code Section 204 subjects Defendants to a civil penalty of: (1) one hundred dollars ($100.00) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200.00) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

87. Defendants' conduct as described herein violates California Labor Code Section 204. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 200, 210, 226, 558, 2699, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover the unpaid balance of wages due and owed to him by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

18

COMPLAINT FOR DAMAGES

EXHIBIT A

## ELEVENTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Lab. Code §§ 201, 202, 203]**

**(Against All Defendants)**

88. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

89. Pursuant to California Labor Code Sections 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code Section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

90. Pursuant to California Labor Code Section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

91. California Labor Code Section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code Sections 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) workdays.

92. Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with California Labor Code Sections 201 and 202.

93. As a result, Plaintiff is entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code Section 203, together with interest thereon, as well as other available remedies.

## TWELFTH CAUSE OF ACTION

**Failure to Maintain Accurate Payroll Records**

**[Cal. Lab. Code §§ 226, 1174, 1174.5; IWC Wage Orders]**

**(Against All Defendants)**

94. Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

19

EXHIBIT A

Complaint as though fully set forth herein.

95.    Defendants failed to maintain complete and accurate payroll records for Plaintiff throughout the duration of his employment, showing work period start and stop times, meal period start and stop times, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate.

96.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor Code Sections 1174.5 and 558 and other applicable laws and regulations.

THIRTEENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Lab. Code §§ 226; IWC Wage Orders]**

**(Against All Defendants)**

97.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

98.    Defendants failed to provide Plaintiff with timely and accurate wage statements pursuant to California Labor Code Sections 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate units earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing Plaintiff (Cal. Lab. Code § 226(a)(8)); and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate (Cal. Lab. Code § 226(a)(9)).

99.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor Code Sections 226, 226.3, 246 and 558 and other applicable laws and regulations.

//

20
COMPLAINT FOR DAMAGES

EXHIBIT A

//

## FOURTEENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against All Defendants)

100.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

101.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or applicable IWC Wage Orders, as alleged herein, including but not limited to Defendants' failure and refusal to provide required meal periods, Defendants' failure and refusal to provide required rest periods, Defendants' failure and refusal to reimburse necessary business expenditures, Defendants' failure and refusal to pay all wages due and owed to discharged or quitting employees, Defendants' failure and refusal to furnish accurate itemized wage statements, and Defendants' failure and refusal to maintain required records, constitutes an unfair and unlawful business practice under California Business and Professions Code Section 17200 et seq.

102.    Defendants' violations of California wage and hour laws as alleged herein constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

103.    Defendants have avoided payment of meal and rest period premium wages, necessary business expenditures, wage statement damages, waiting time penalties, and other benefits as required by the California Labor Code, the California Code of Regulations, and applicable IWC Wage Orders. As a result of these predicate violations, Defendants additionally have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

104.    As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff.

105.    Defendants' unfair and unlawful business practices entitle Plaintiff to seek preliminary

EXHIBIT A

and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff the wages and other compensation unlawfully withheld from him. Plaintiff is entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

3. For punitive damages pursuant to Civil Code Section 3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4. For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California Business and Professions Code Sections 17203 and 17204;

5. For payment of unpaid meal and rest period premium wages pursuant to California Labor Code Sections 226.7 and 512 and applicable IWC Wage Orders;

6. For reimbursement of necessary business expenditures pursuant to California Labor Code Section 2802;

7. For payment of penalties in accordance with California law, including but not limited to penalties pursuant to California Labor Code Sections 203 and 226(e);

8. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code, and/or any other basis;

9. For pre- and post-judgment interest;

22

COMPLAINT FOR DAMAGES

EXHIBIT A

10. For penalties as required by law; and

11. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED:  October 8, 2021          LABOR LAW PC

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED:  October 8, 2021          LABOR LAW PC

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

23
COMPLAINT FOR DAMAGES

EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ABEL MORENO

vs.

KEURIG DR. PEPPER INC., et al.

Case No.: _____

## CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General     ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ■ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| KEURIG DR. PEPPER INC. | 18180 Gateway Drive |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| Victorville | CA | 92394 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on October 8, 2021 at Santa Monica, California , California.

_____
*Danny Yadidsion*
Signature of Attorney/Party

EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Moreno-V-Keurig Dr. Pepper Inc | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number CIVSB2129375 |

Labor Law PC
100 Wilshire Blvd
Suite 700
Santa Monica CA 90401

This case has been assigned to: Wilfred J Schneider, Jr. in Department S32 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 05/24/2022 at 9:00 AM in Department S32 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 11/24/2021                                   Nancy CS Eberhardt, Court Executive Officer

By: _____
Ashlee Bayless, Deputy Clerk

......................................................................................................................................................
......................................................................................................................................................

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 11/24/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 11/24/2021 at San Bernardino, CA.

By: _____
Ashlee Bayless, Deputy Clerk

EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Moreno-V-Keurig Dr. Pepper Inc | |
|---|---|
| **NOTICE OF CERTIFICATE OF ASSIGNMENT NEEDED** | Case Number |
| | CIVSB2129375 |

Labor Law PC
100 Wilshire Blvd
Suite 700
Santa Monica CA  90401

Need to file Certificate of Assignment.

Please take notice:  a Certificate of Assignment was not provided for filing at the time of filing of Summons and Complaint.  Certificate of Assignment is a mandatory local form.  Please submit a completed Certificate of Assignment as soon as possible.

Date: 11/24/2021

Nancy Eberhardt, Court Executive Officer
By: Ashlee Bayless

----------------------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

Executed on 11/24/2021 at San Bernardino

By: _____
Ashlee Bayless, Deputy Clerk

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS:**<br>**ATTORNEY FOR (Name):**<br>**FAX NO. (Optional):** | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: ____<br>LIMITED CASE: ____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  Party or parties (answer one):
    a.  ☐ This statement is submitted by party (name):
    b.  ☐ This statement is submitted jointly by parties (names):

2.  Service of Complaint on all parties has ☐ has not ☐ been completed.

3.  Service of Cross-Complaint on all parties has ☐ has not ☐ been completed.

4.  Description of case in Complaint:

5.  Description of case in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation? Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  Related cases, consolidation, and coordination: Please attach a Notice of Related Case.

    ☐ A motion to   ☐ consolidate   ☐ Trial dates requested: Yes ☐   No ☐   Available dates: _____
    Time estimate: _____

9.  Other Issues:
    ☐ The following additional matters are requested to be considered by the Court:

10. Meet and Confer:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360
Mandatory Form                      INITIAL TRIAL SETTING CONFERENCE STATEMENT

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  Party or parties (answer one):
    a.  ☐ This statement is submitted by party (name):
    b.  ☐ This statement is submitted jointly by parties (names):

2.  Service of Complaint on all parties has ☐ has not ☐ been completed.

3.  Service of Cross-Complaint on all parties has ☐ has not ☐ been completed.

4.  Description of case in Complaint:

5.  Description of case in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  Related cases, consolidation, and coordination: Please attach a Notice of Related Case.

    ☐ A motion to   ☐ consolidate   ☐ Trial dates requested: Yes ☐   No ☐   Available dates: _____
    Time estimate: _____

9.  Other Issues:
    ☐ The following additional matters are requested to be considered by the Court:

10. Meet and Confer:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360       INITIAL TRIAL SETTING CONFERENCE STATEMENT
Mandatory Form

EXHIBIT A

# EXHIBIT B



SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
E-mail: jpollaci@seyfarth.com
Catherine S. Feldman (SBN 299060)
E-mail: cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
KEURIG DR PEPPER INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ABEL MORENO,<br><br>          Plaintiff,<br><br>     v.<br><br>KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. CIV-SB-2129375<br><br>**DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  January 19, 2022<br>Trial Date:       None Set |

DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

80167828v.2

EXHIBIT B

Defendant Keurig Dr Pepper Inc. ("Defendant"), for itself and for no other defendant, answers the unverified First Amended Complaint ("FAC") filed by Plaintiff Abel Moreno ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the FAC, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the FAC, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's FAC fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2.     Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to Government Code sections 12960 and 12965, Code of Civil Procedure sections 335.1, 338, 340, and 343, Business and Professions Code section 17208, and California Labor Code sections 203, 226, 226.7, 558, and 2699.

## THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.     Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

2

DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

80167828v.2

EXHIBIT B

## FOURTH DEFENSE

### (Laches)

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

## FIFTH DEFENSE

### (Consent and Waiver)

5.    Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and waiver.

## SIXTH DEFENSE

### (Estoppel)

6.    Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

## SEVENTH DEFENSE

### (Unclean Hands)

7.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

### (Ratification)

8.    Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff ratified Defendant's alleged actions.

## NINTH DEFENSE

### (Failure to Mitigate Damages)

9.    Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in his FAC, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages

3

EXHIBIT B

incurred. By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

## TENTH DEFENSE

### (Failure to Exercise Reasonable Corrective Opportunities)

10.    To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## ELEVENTH DEFENSE

### (Workers' Compensation Preemption)

11.    Plaintiff's claims for certain damages, such as for alleged emotional and/or physical injury, are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

## TWELFTH DEFENSE

### (After-Acquired Evidence)

12.    Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's separation from employment that provides independent legal cause for the changes in his employment.

## THIRTEENTH DEFENSE

### (Prompt Remedial Action)

13.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

4

DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

80167828v.2

EXHIBIT B

## FOURTEENTH DEFENSE

### (Legitimate Non-Discriminatory/Non-Retaliatory Actions)

14.    Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

## FIFTEENTH DEFENSE

### (Mixed Motive)

15.    Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## SIXTEENTH DEFENSE

### (Award of Punitive Damages is Unconstitutional)

16.    To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## SEVENTEENTH DEFENSE

### (Setoff and Recoupment)

17.    To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendant made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

5

EXHIBIT B

## EIGHTEENTH DEFENSE

### (Offset)

18.    Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## NINETEENTH DEFENSE

### (Undue Hardship)

19.    To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

## TWENTIETH DEFENSE

### (Good Faith to Engage in the Interactive Process)

20.    Plaintiff's claims are barred, in whole or in part, because, assuming his fiancé was legally disabled, Defendant made a good faith effort to engage in the interactive process with, and to reasonably accommodate, Plaintiff.

## TWENTY-FIRST DEFENSE

### (Plaintiff's Failure to Engage in an Interactive Process)

21.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding his purported need for a reasonable accommodation for his fiancé's alleged disability.

## TWENTY-SECOND DEFENSE

### (Reasonable Accommodation)

22.    Plaintiff's claims are barred, in whole or in part, because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged request for accommodation for to care for his fiancé's alleged disability to the extent possible in light of business necessities.

///

///

6

EXHIBIT B

## TWENTY-THIRD DEFENSE

### (Inability to Perform Essential Job Function)

23.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is or was unable to perform all of the essential job functions for his position, or any open alternative position for which he was qualified, even with reasonable accommodation.

## TWENTY-FOURTH DEFENSE

### (Reasonableness and Good Faith)

24.    Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.

## TWENTY-FIFTH DEFENSE

### (Legitimate, Independent Reasons)

25.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that retaliatory reasons were a contributing factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions for legitimate, independent reasons. *See* Cal. Labor Code § 1102.6.

## TWENTY-SIXTH DEFENSE

### (Managerial Privilege)

26.    Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

## TWENTY-SEVENTH DEFENSE

### (Failure to Qualify for or Comply with CFRA)

27.    Plaintiff's claims are barred in whole or in part to the extent Plaintiff did not qualify for leave, or comply with the prerequisites for taking leave, and/or Defendant was not put on notice that such leave was for a CFRA reason. Cal. Gov't Code section 12945.2.

7

EXHIBIT B

## TWENTY-EIGHTH DEFENSE

### (CFRA Leave Provided)

28.    Plaintiff's claims are barred in whole or in part to the extent that Defendant provided Plaintiff with a leave of absence pursuant to the provisions of the California Family Rights Act, Cal. Gov't Code section 12945.2, et seq.

## TWENTY-NINTH DEFENSE

### (No Willful or Knowing and Intentional Violation)

29.    Neither Plaintiff, nor those Plaintiff seeks to represent, is entitled to any penalty because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code, or applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing that its actions were lawful and that it did not violate the California Labor Code or the applicable Wage Order.

## THIRTIETH DEFENSE

### (Penalties)

30.    Plaintiff's FAC fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, sections 203, 226, 98.6, 1102.5, 1194.2, 2699, and 2699.3.

## THIRTY-FIRST DEFENSE

### (Labor Code § 2856)

31.    Plaintiff's FAC is barred by Labor Code section 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

## THIRTY-SECOND DEFENSE

### (Meal Periods and/or Rest Periods Taken or Voluntarily Not Taken)

32.    Plaintiff's claims, and the claims of those persons he purports to represent, for failure to provide meal and rest periods are barred because, to the extent that Plaintiff was entitled to such breaks,

8

EXHIBIT B

Plaintiff and/or those persons he purports to represent took meal and rest periods, or voluntarily chose not to take such periods provided.

### THIRTY-THIRD DEFENSE

#### (Meal Waivers)

33.    Plaintiff's claims, and the claims of the persons he purports to represent, are barred to the extent that Plaintiff and/or those persons he purports to represent had valid meal period waivers.

### THIRTY-FOURTH DEFENSE

#### (Offset Regarding Alleged Meal and Rest Period Violations)

34.    To the extent a court holds that Plaintiff or the "aggrieved" employees are entitled to damages or penalties, which Defendant specifically denies, Defendant is entitled to an offset for wages and/or a proportionate reduction in damages or penalties to the extent Plaintiff or the "aggrieved" employees were provided with meal periods and authorized and permitted to take rest breaks, or to the extent Plaintiff or the "aggrieved" employees were paid payments in lieu of being provided with meal periods or authorized and permitted to take rest breaks.

### THIRTY-FIFTH DEFENSE

#### (Failure to Inform Employer of Alleged Violations)

35.    The FAC, and each cause of action contained therein, is barred because Plaintiff and the "aggrieved" employees did not inform Defendant of any alleged meal or rest period violations, any alleged failure to pay wages or premium wages, any alleged inaccuracies regarding their pay stubs, any request for reimbursement of expenses, or that business expenses had been incurred, prior to filing a lawsuit. Plaintiff and the "aggrieved" employees, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any to Plaintiff and the "aggrieved" employees prior to the time they filed their claims.

### THIRTY-SIXTH DEFENSE

#### (Failure to Comply With Employer's Directions)

36.    The FAC, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and the "aggrieved" employees failed to substantially comply with all of the directions of their

9

employer concerning the service on which they were engaged and their obedience to the directions of the employer were neither impossible or unlawful, nor would impose new and unrealistic burdens upon them, pursuant to California Labor Code section 2856.

### THIRTY-SEVENTH DEFENSE

#### (*De Minimis* Doctrine)

37.     Plaintiff's claims fail to the extent that even if Plaintiff or the "aggrieved" employees were not paid for any work performed while employed by Defendant, which defendant denies, such work is *de minimis*, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

### THIRTY-EIGHTH DEFENSE

#### (Failure to Exhaust PAGA Claim)

38.     Plaintiff's claim for civil penalties pursuant to the Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.*, is barred to the extent Plaintiff failed to timely exhaust administrative remedies before the Labor and Workforce Development Agency of the State of California and/or the Department of Industrial Relations.

### THIRTY-NINTH DEFENSE

#### (Penalties Beyond the Initial Violation)

39.     Plaintiff's FAC, and each purported claim alleged therein, is barred to the extent Plaintiff and the individuals on whose behalf he seeks relief, seek penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

### FORTIETH DEFENSE

#### (No Injury)

40.     Plaintiff's claim for penalties pursuant to California Labor Code section 226 fails because Plaintiff and the "aggrieved" employees and putative class he seeks to represent have not suffered injury as a result of the challenged statutory violation.

//

///

///

10

**EXHIBIT B**

## FORTY-FIRST DEFENSE

### (Lack of Standing)

41.    The FAC, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and the "aggrieved" employees and putative members of the purported class lack standing to bring their claims in an individual, class, or representative capacity.

## FORTY-SECOND DEFENSE

### (Not Aggrieved Employees)

42.    Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees" under California Labor Code section 2699.

## FORTY-THIRD DEFENSE

### (Release)

43.    To the extent Plaintiff or "aggrieved" employees have executed a release encompassing claims alleged in the FAC, their claims are barred by that release.

## FORTY-FOURTH DEFENSE

### (Accord and Satisfaction)

44.    To the extent Plaintiff and the "aggrieved" employees accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## FORTY-FIFTH DEFENSE

### (Action Not Manageable)

45.    Plaintiff's FAC, and each purported cause of action alleged therein, is not proper for treatment as a representative action under PAGA because, among other reasons, the representative action is not manageable.

## FORTY-SIXTH DEFENSE

### (Abatement and Discretionary Stay)

46.    Because Plaintiff is already a named plaintiff in a similar or related action against Defendant alleging the same underlying Labor Code violations, and that action is pending on behalf of

11

EXHIBIT B

Plaintiff and the "aggrieved" employees, this later-filed case is subject to an abatement or an order of stay, or both.

### FORTY-SEVENTH DEFENSE

### (Waiting Time Penalties)

47.    Plaintiff's claims are barred in whole or in part because Defendant paid Plaintiff all compensation owed to him at the conclusion of his employment and/or there was a good faith dispute as to whether such compensation was due.

### FORTY-EIGHTH DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)

48.    Plaintiff and the alleged "aggrieved" employees are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### FORTY-NINTH DEFENSE

### (Due Process/Excessive Penalties)

49.    Plaintiff and the alleged "aggrieved" employees are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendant's alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

///

///

///

12

DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

80167828v.2

## FIFTIETH DEFENSE

### (Unavailable Remedies)

50.     Plaintiff's claims are barred to the extent he is seeking any remedy other than civil penalties under the Private Attorney General Act of 2004.

## FIFTY-FIRST DEFENSE

### (Arbitration)

51.     Plaintiff's Complaint and any purported claim for relief alleged therein, is barred to the extent Plaintiff agreed to arbitrate claims alleged in the FAC.

## RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of his FAC;

2.     That the FAC be dismissed in its entirety with prejudice;

3.     That judgement be entered in favor of Defendant and against Plaintiff on his entire FAC and on all causes of action alleged therein;

4.     That Defendant be awarded reasonable attorneys' fees according to proof;

///

///

///

///

///

///

13

EXHIBIT B

5.    That Defendant be awarded the costs of suit herein incurred; and

6.    That Defendant be awarded such other and further relief as the Court or arbitrator may deem appropriate.

DATED: March 10, 2022                                    Respectfully submitted,

                                                        SEYFARTH SHAW LLP

                                                        By: _____
                                                        Jamie C. Pollaci
                                                        Catherine S. Feldman
                                                        Attorneys for Defendant
                                                        KEURIG DR PEPPER INC.

14

DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

80167828v.2

**EXHIBIT B**

**PROOF OF SERVICE**

STATE OF CALIFORNIA                 )
                                    )  SS
COUNTY OF LOS ANGELES               )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On March 10, 2022, I served the within document(s):

**DEFENDANT KEURIG DR PEPPER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Danny Yadidsion
Shelley K. Mack
LABOR LAW PC
100 Wilshire Blvd.: Suite 700
Santa Monica, California 90401

*Attorneys for Plaintiff Abel Moreno*

Telephone: (310) 494-6082
E-mail:  Danny@LaborLawPC.com
          Shelley.Mack@LaborLawPC.com

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on March 10, 2022, at Los Angeles, California.

_____
Maria Torres-Masferrer

PROOF OF SERVICE

80482659v.1

EXHIBIT B