

FILED
CLERK, U.S. DISTRICT COURT

04/21/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KD_____ DEPUTY

1  Danny Yadidsion (SBN 260282)
   Shelley K. Mack (SBN 209596)
2  LABOR LAW PC
   100 Wilshire Blvd., Suite 700
3  Santa Monica, California 90401
   Telephone: (310) 494-6082
4  Danny@LaborLawPC.com
   Shelley.Mack@LaborLawPC.com
5
   Attorneys for Plaintiff
6  ABEL MORENO

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 ABEL MORENO, an individual,          | Case No.: 5:22-CV-00448-MEMF-(SPx)

12                                        | SECOND AMENDED COMPLAINT FOR
                  Plaintiff,             | DAMAGES FOR:
13
          v.                             | 1. ASSOCIATIONAL DISCRIMINATION
14                                        |    BASED ON DISABILITY IN
                                         |    VIOLATION OF THE FAIR
15 KEURIG DR. PEPPER INC., a Delaware    |    EMPLOYMENT AND HOUSING ACT
   corporation; and DOES 1- 50, inclusive,|    ("FEHA")
16                                        |
                  Defendants.            | 2. FAILURE TO PREVENT DISABILITY-
17                                        |    BASED DISCRIMINATION
18                                        | 3. INTERFERENCE WITH EXERCISE
                                         |    OF RIGHTS UNDER THE
19                                        |    CALIFORNIA FAMILY RIGHTS ACT
                                         |    ("CFRA")
20                                        |
                                         | 4. DISCRIMINATION AND/OR
21                                        |    RETALIATION IN VIOLATION OF
                                         |    THE CFRA
22                                        |
                                         | 5. UNLAWFUL RETALIATION (LABOR
23                                        |    CODE §§ 98.6, 1102.5(b))
24                                        | 6. UNLAWFUL RETALIATION IN
                                         |    VIOLATION OF LABOR CODE
25                                        |    SECTION 232.5
26                                        | 7. WRONGFUL TERMINATION IN
                                         |    VIOLATION OF PUBLIC POLICY
27                                        |
                                         | 8. FAILURE TO PROVIDE REQUIRED
28                                        |    MEAL PERIODS/REST BREAKS

                                 1

**EXHIBIT A**

1

**(LABOR CODE §§ 226.7, 510, 512, 1194, 1197; IWC WAGE ORDERS)**

2

9. **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENDITURES (LABOR CODE § 2802)**

3

4

10. **FAILURE TO PAY TIMELY WAGES DURING EMPLOYMENT (LABOR CODE § 204)**

5

6

11. **FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES (LABOR CODE §§ 201, 202, 203)**

7

8

12. **FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (LABOR CODE §§ 226, 1174, 1174.5; IWC WAGE ORDERS)**

9

10

11

13. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §§ 226; IWC WAGE ORDERS)**

12

13

14. **UNFAIR AND UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200 *ET. SEQ.*)**

14

15

16

Unlimited Jurisdiction, amount exceeds $25,000

17

<u>Jury Demand Endorsed Hereon</u>

18

19

20

21

22

23

24

25

26

27

28

2
SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

Plaintiff ABEL MORENO ("Plaintiff") hereby submits this Second Amended Complaint for Damages against Defendant KEURIG DR. PEPPER INC. ("KEURIG") and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

## JURISDICTION AND VENUE

1.    This Court is the proper Court, and this action is properly filed in San Bernardino County because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

2.    Plaintiff is and at all times relevant hereto was a resident of the State of California, County of San Bernardino.

3.    Defendant KEURIG DR. PEPPER INC. is and at all times relevant hereto was a Delaware corporation existing, doing business and employing individuals in the County of San Bernardino, State of California.

4.    At all times relevant herein, Defendant KEURIG was Plaintiff's employer within the meaning of California Government Code Sections 12926(d), 12940(a), (h), (i) and (k) and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

6.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture

3

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

1 | and with the permission and consent of each of the other Defendants.

2 | 7. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

3 | of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the

4 | wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the

5 | wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is further informed and believes, and

6 | based thereupon alleges, that the Defendants, and each of them, including those Defendants named as

7 | DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit

8 | the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said

9 | conspiracy, intended to and actually causing Plaintiff harm.

10 | 8. Whenever and wherever reference is made in this Complaint to any act or failure to act by

11 | a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or

12 | failures to act by each Defendant acting individually, jointly and severally.

13 | 9. Plaintiff has filed a complaint under Government Code Section 12940 *et seq.*, the

14 | California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair

15 | Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with

16 | respect to these and all related filings.

17 | **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

18 | 10. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

19 | of interest and ownership between Defendant KEURIG and DOES 1-50 that the individuality and

20 | separateness of Defendants have ceased to exist.

21 | 11. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

22 | purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendant KEURIG,

23 | including, but not limited to because:

24 | a. Defendant KEURIG is completely dominated and controlled by DOES 1-50, who

25 | personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind

26 | Defendant KEURIG to circumvent statutes or accomplish some other wrongful or inequitable purpose.

27 | b. DOES 1-50 derive actual and significant monetary benefits by and through

28 | Defendant KEURIG'S unlawful conduct, and by using Defendant KEURIG as the funding source for

4

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

1   their own personal expenditures.

2          c.      Plaintiff is informed and believes that Defendants KEURIG and DOES 1-50, while

3   really one and the same, were segregated to appear as though separate and distinct for purposes of

4   circumventing a statute or accomplishing some other wrongful or inequitable purpose.

5          d.      Plaintiff is informed and believes that Defendants do not comply with all requisite

6   corporate formalities to maintain a legal and separate corporate existence.

7          e.      Plaintiff is informed and believes, and based thereon alleges, that the business

8   affairs of Defendant KEURIG and DOES 1-50 are, and at all times relevant were, so mixed and

9   intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.

10  Defendant KEURIG is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and

11  conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-50.

12  The recognition of the separate existence of Defendants would not promote justice, in that it would permit

13  Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor

14  Code, and other statutory violations.  The corporate existence of Defendant KEURIG and DOES 1-50

15  should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid

16  fraud and injustice to Plaintiff herein.

17         12.     Accordingly, Defendant KEURIG constitutes the alter ego of DOES 1-50, and the fiction

18  of their separate corporate existence must be disregarded.

19         13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

20  thereon alleges that Defendant KEURIG and DOES 1-50 are Plaintiff's joint employers by virtue of a

21  joint enterprise, and that Plaintiff was an employee of Defendant KEURIG and DOES 1-50.  Plaintiff

22  performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and

23  all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in

24  which Defendants' business was and is conducted.

25                              **FACTUAL ALLEGATIONS**

26         14.     Defendants employed Plaintiff as a Receiver from on or about August 27, 2018 through on

27  or about April 13, 2021 at Defendants' facility in Victorville, California.   Throughout Plaintiff's

28  employment, Plaintiff was a diligent, hard-working, knowledgeable, and overall excellent employee.

15.    During the final months of Plaintiff's employment by Defendants, Plaintiff's fiancé was pregnant with his child, due on April 28, 2021. Plaintiff notified Defendants of his fiancé's pregnancy, and of his intent to take leave time from work for baby bonding following the birth of his child.

16.    In early April 2021, Plaintiff's fiancé was having early contractions and experiencing medical complications with her pregnancy. On or about April 5, 2021, Plaintiff advised Defendant KEURIG Planning Manager Tara Anderson that as a result of the medical difficulties his fiancé was experiencing with her pregnancy, he would be immediately applying for medical leave time pursuant to the California Family Rights Act ("CFRA") and/or Family Medical Leave Act ("FMLA") in order to care for his fiancé through the remainder of her pregnancy before taking baby bonding leave following the birth of his child. On or about the same date, Plaintiff submitted a request to Defendants that he be permitted to use three days of accrued and available vacation leave time, covering his scheduled shifts from April 8 through April 12, 2021, in order to care for his fiancé while his application for CFRA/FMLA leave was processed. Defendant KEURIG Planning Manager Tara Anderson approved Plaintiff's vacation leave request.

17.    On or about the same date, Plaintiff applied for CFRA/FMLA medical leave time in order to care for his pregnant fiancé until the birth of their child at the end of that month. Plaintiff's request for CFRA/FMLA leave was approved by Unum, Defendant's third party administrator, entitling him to up to twelve (12) weeks of job-protected medical leave time.

18.    During the final months of Plaintiff's employment, Plaintiff was subjected to virtually daily questioning by a newly hired coworker regarding affiliation with and interest in organizing a union at Defendants' workplace. Plaintiff's newly hired coworker repeatedly asked Plaintiff if he had received and filled out his union membership card and whether he supported the creation of a union at his workplace. Plaintiff had a strong interest in attempting to organize a union, and affirmed that interest in response to his coworker's questions. On information and belief, Plaintiff's newly hired coworker, who was related to a member of Defendant KEURIG'S management team, reported the substance of Plaintiff's positive comments regarding union affiliation and organization to Defendants.

19.    In response to and in retaliation for Plaintiff's attempt to exercise his legal right to take job-protected medical leave time from work to care for his fiancé through the remainder of her pregnancy

EXHIBIT A

and Plaintiff's expressed interest in organizing a union at Defendant's workplace, and as a result of discriminatory associational animus towards Plaintiff based on his fiancé's disability and/or serious medical condition, Defendants abruptly terminated Plaintiff's employment on or about April 13, 2021.

20.    Defendants' wrongful and unlawful termination of Plaintiff's employment has caused, and will continue to cause, Plaintiff severe and prolonged emotional distress, anxiety, and depression.

21.    Throughout the duration of Plaintiff's employment, Defendants regularly denied and prohibited Plaintiff from taking timely, complete, uninterrupted and fully off-duty meal periods and rest breaks.  In accordance with their company policy and/or practice, Defendants required Plaintiff to remain on site and to keep his radio on during all meal and rest periods in order to receive and immediately respond to urgent work requests.  As a result, Plaintiff frequently experienced on-duty, shortened and interrupted meal and rest periods throughout the duration of his employment by Defendants.

22.    Defendants deterred and discouraged Plaintiff from taking legally compliant meal periods and rest breaks, and Defendants knew or reasonably should have known that their policies and practices would cause Plaintiff to experience regular meal and rest period violations.  Defendants failed to provide Plaintiff with all premium wages due and owed to him for missed, late, shortened, interrupted and/or on-duty meal periods and rest breaks.

23.    Throughout the duration of Plaintiff's employment, Defendants required Plaintiff to use his personal cell phone for purposes of communicating with drivers and Defendants' management and supervisory personnel regarding Defendants' business, both during Plaintiff's scheduled work shifts and after hours.   Defendants failed to reimburse Plaintiff for any of the expenses he incurred throughout his employment in connection with the use of his personal cell phone in performing his job duties on Defendants' behalf.

24.    The wage statements Defendants issued to Plaintiff throughout his employment are non-compliant with California's pay stub law.  Plaintiff's wage statements from Defendants failed to include the meal and rest period premium wages due and owed to Plaintiff each pay period, and thus fail to include all compensation as required by the California Labor Code.

25.    At the time Defendants terminated his employment, Plaintiff was due and owed unpaid wages and other compensation in the form of unpaid meal and rest period premium wages and

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

1 unreimbursed business expenses.  Defendants failed to provide Plaintiff with this unpaid compensation
2 due and owed to him either on the day of his termination or at any time thereafter.

3 **FIRST CAUSE OF ACTION**

4 **Associational Discrimination Based on Disability in Violation of the FEHA**

5 **[Cal. Govt. Code § 12940(a)]**

6 **(Against All Defendants)**

7 26.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this
8 Complaint as though fully set forth herein.

9 27.    At all times relevant to this action, Plaintiff was employed by Defendants.

10 28.    At all times relevant to this action, Defendants were employers who regularly employed
11 five (5) or more persons within the meaning of California Government Code Section 12926(d).

12 29.    At all times relevant to this action, Plaintiff was a member of a protected class within the
13 meaning of California Government Code Section 12940(a) as a result of his pregnant fiancé's disability
14 and/or serious medical condition.

15 30.    Defendants discriminated against and/or subjected Plaintiff to disparate treatment on the
16 basis of his fiancé's disability and/or serious medical condition in violation of California Government
17 Code Section 12940(a), Article I of the California Constitution and related statutes by engaging in the
18 course of conduct more fully set forth in the paragraphs stated above.  Defendants' decision to terminate
19 Plaintiff's employment was substantially motivated by discriminatory animus towards Plaintiff because
20 of his membership in the protected class.

21 31.    As a direct and proximate result of Defendants' discriminatory termination of his
22 employment, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other
23 benefits, and will for a period time in the future be unable to obtain gainful employment, as Plaintiff's
24 ability to obtain such employment and earning capacity have been diminished.  The exact amount of such
25 expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint
26 to set forth the exact amount when it is ascertained.

27
28

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

32.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as Plaintiff was psychologically injured.  Such injuries have caused, and will continue to cause, Plaintiff great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

33.   Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights.  Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits.  Accordingly, an award of punitive damages is warranted.

34.   Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

35.   Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SECOND CAUSE OF ACTION

**Failure to Prevent Disability-Based Discrimination**

**[Cal. Govt. Code § 12940(k)]**

**(Against All Defendants)**

36.   Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

37.   During the course of Plaintiff's employment, Defendants failed to prevent or remedy discrimination and/or disparate treatment against Plaintiff on the basis of his membership in a protected class in violation of Government Code Section 12940(k).

38.   As a direct result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time of trial, including special and general damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

39.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received, all to his damage and in a sum within the jurisdiction of this Court, to be ascertained according to proof at trial.

40.     Plaintiff is informed and believes, and thereon alleges that Defendants' employees, officers, directors, and/or managing agents acted with malice and oppression in engaging in the aforementioned course of conduct, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. Defendants also acted fraudulently by willfully concealing the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits. Accordingly, an award of punitive damages is warranted.

41.     Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of all other Defendants and were subsequently authorized and ratified by them as well as by and through their officers, directors, and/or managing agents.

42.     Pursuant to Government Code Section 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

<u>**THIRD CAUSE OF ACTION**</u>

**Interference with Exercise of Rights Under the CFRA**

**[Cal. Govt. Code §§ 12945.2(a) and (q)]**

**(Against All Defendants)**

43.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

44.     The California Family Rights Act ("CFRA") requires that an employer must provide an eligible employee with up to twelve (12) workweeks of medical leave time to care for the employee's serious health condition or a family member or domestic partner's serious health condition. The CFRA also requires California employers to guarantee eligible employees the same or a comparable position upon the termination of CFRA medical leave.

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

45.     Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A).  At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

46.     Defendants interfered with Plaintiff's exercise of his legal rights pursuant to the CFRA by, *inter alia*, refusing to allow Plaintiff to take job-protected CFRA medical leave time from work to care for his fiancé's serious health condition, as described in more detail above.

47.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

48.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

49.     In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

50.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

**FOURTH CAUSE OF ACTION**

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

**Discrimination and/or Retaliation in Violation of the CFRA**

**[Cal. Govt. Code §§ 12945.2(k) and (q)]**

**(Against All Defendants)**

51.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

52.    Defendants were and are covered employers under CFRA, Government Code Section 12945.2(c)(2)(A).  At all times herein relevant, Plaintiff was an employee eligible to take CFRA medical leave to care for his fiancé's serious health condition pursuant to Government Code Section 12945.2(c)(3)(A).

53.    In violation of Government Code Sections 12945.2(k) and (q), Defendants unlawfully discriminated and/or retaliated against Plaintiff for his attempt to exercise his legal rights pursuant to the CFRA by terminating his employment with Defendants, as described in more detail above.

54.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

55.    As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

56.    In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

57.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code Section 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code Section 12965(c).

**FIFTH CAUSE OF ACTION**

**Unlawful Retaliation**

**[Cal. Lab. Code §§ 98.6 and 1102.5(b))]**

**(Against All Defendants)**

58.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

59.     As detailed above, in response to and in retaliation for Plaintiff's legally protected statements expressing interest in organizing a union at Defendants' workplace, Defendants summarily terminated Plaintiff's employment.

60.     As a direct and proximate result of Defendants' unlawfully retaliatory conduct, Plaintiff was denied continued employment and has suffered and will continue to suffer pecuniary and non-pecuniary damages, including without limitation lost wages, lost benefits, diminished earning capacity, nervousness, humiliation, depression, anxiety, embarrassment, fright, shock, pain, discomfort, fatigue, mental anguish and emotional distress, all in an amount to be proven at trial.

61.     As a direct, proximate and foreseeable result of the aforesaid acts of Defendants and/or their agents, Plaintiff has lost and will continue to lose income, in an amount to be proven at the time of trial.  On that basis, Plaintiff seeks back pay, front pay, and all other appropriate remedies and statutory penalties.  Plaintiff also has incurred and will continue to incur attorney's fees and costs, and thereby claims such amounts as damages, together with pre-judgment interest, pursuant to California Civil Code Section 3287.

62.     In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

1  Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging

2  in future unlawful conduct.

3  **SIXTH CAUSE OF ACTION**

4  **Unlawful Retaliation in Violation of Labor Code Section 232.5**

5  **[Cal. Lab. Code § 232.5]**

6  **(Against All Defendants)**

7      63.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

8  Complaint as though fully set forth herein.

9      64.     At all times relevant herein, California Labor Code Section 232.5 was in full force and

10 effect and binding upon Defendants.  In pertinent part, Labor Code Section 232.5(c) prohibits California

11 employers from discharging, formally disciplining, or otherwise discriminating against any employee

12 for disclosing information about the employer's working conditions.

13     65.     As more fully detailed above, Plaintiff discussed Defendants' working conditions with a

14 coworker, including without limitation the manner in which those working conditions might be

15 improved by union membership and representation.  Plaintiff is informed and believes that Defendants

16 discharged him from his employment in retaliation for having discussed Defendants' working conditions

17 with a coworker, including without limitation the manner in which those conditions might be improved

18 by union membership and representation.

19     66.     As a direct, foreseeable, and proximate result of Defendants' illegal action against

20 Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff suffered loss of wages, salary,

21 benefits, the potential for advancement, and additional amounts of money Plaintiff would have received

22 but for Defendants' illegal conduct, all in an amount subject to proof at the time of trial.

23     67.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants as

24 herein alleged, Plaintiff has also suffered and continue to suffer garden variety emotional distress and

25 anguish, humiliation, anxiety, and medical expenses all to their damage in an amount subject to proof at

26 trial.

27     68.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of

28 Defendants were the result and consequence of Defendants' failure to supervise, control, direct, manage,

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

1    and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned

2    and/or encouraged the illegal behavior and enabled agents to believe that their conduct was appropriate.

3          69.    These unlawful acts were further encouraged by Defendants and done with a conscious

4    disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of

5    Defendants willful, knowing, and intentional discrimination against Plaintiff which culminated in his

6    discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

7          70.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is

8    presently unaware of the precise amount of said expenses and fees and prays leave of court to amend

9    this Complaint when said amounts are more fully known.

10                          **SEVENTH CAUSE OF ACTION**

11                  **Wrongful Termination in Violation of Public Policy**

12                          **(Against All Defendants)**

13          67.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

14   Complaint as though fully set forth herein.

15          68.    At all times relevant to this action, Plaintiff was employed by Defendants.

16          69.    At all times relevant to this action, California Government Code Section 12900 *et seq*. was

17   in full force and effect and was binding upon Defendants.  California Government Code Section 12900 *et*

18   *seq*. prohibits Defendants, *inter alia*, from discriminating against or subjecting any employee to disparate

19   treatment on the basis of his membership in a protected class, failing to take all reasonable steps necessary

20   to prevent such discrimination and/or disparate treatment from occurring, interfering with an employee's

21   ability to take job-protected CFRA medical leave time, and/or retaliating against any employee for

22   attempting to exercise his legal rights under the CFRA.

23          70.    At all times relevant to this action, California Labor Code Sections 98.6 and 1102.5(b) also

24   were in full force and effect and were binding upon Defendants.  Labor Code Sections 98.6 and 1102.5(b)

25   prohibit Defendants from retaliating against any employee for exercising or attempting to exercise any

26   right guaranteed to him under the Labor Code.

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

71.  <u>California Government Code Section 12900</u> *et seq*. and <u>California Labor Code Sections 98.6</u> and <u>1102.5(b)</u> codify policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental under California state law.

72.  Defendants' wrongful termination of Plaintiff's employment was substantially motivated by Plaintiff's membership in a protected class under the FEHA, Plaintiff's legally protected comments expressing interest in union membership and organization in Defendants' workplace, and Plaintiff's legal exercise of his right to apply for and take job-protected CFRA medical leave time in order to care for his fiancé's serious health condition.

73.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

74.  As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental and emotional pain, distress, and discomfort, all to his detriment and damage, in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

75.  In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants pursuant to Civil Code Section 3294 in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Failure to Provide Required Meal Periods and Rest Breaks**

**[<u>Cal. Lab. Code §§ 226.7</u>, <u>510</u>, <u>512</u>, <u>1194</u>, <u>1197</u>; IWC Wage Orders]**

**(Against All Defendants)**

76.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

77.     Defendants routinely failed and refused to provide Plaintiff with timely, complete, uninterrupted and fully off-duty meal and rest periods during Plaintiff's work shifts, and failed and refused to compensate Plaintiff when he worked during meal and rest periods, had meal and rest periods shortened or interrupted, or was required to take late or on-duty meal and rest periods, as required by Labor Code Sections 226.7 and 512 and other applicable laws and regulations.

78.     Defendants deprived Plaintiff of his rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs, and statutory and civil penalties pursuant to Labor Code Section 558 and other applicable laws and regulations.

## NINTH CAUSE OF ACTION

### Failure to Reimburse Necessary Business Expenditures

### [Cal. Lab. Code § 2802]

### (Against All Defendants)

79.     Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

80.     Defendants failed to indemnify Plaintiff, as their employee, for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of his work-related duties.

81.     As a proximate cause of Defendants' failure to indemnify or reimburse Plaintiff, Plaintiff has been deprived of compensation for work-related expenses arising from and in direct consequence of the discharge of his work duties, and been damaged in an amount according to proof at the time of trial.

82.     Plaintiff is entitled to recover such amounts from Defendants, plus interest thereon, attorney's fees and costs pursuant to Labor Code Section 2802 *et seq*., and statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

## TENTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

17

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

**[Cal. Lab. Code § 204]**

**(Against All Defendants)**

83.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

84.    Pursuant to California Labor Code Section 204, for all labor performed between the 1st and 15th days of any calendar month, Defendants are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code Section 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their nonexempt employees between the 1st and 15th day of the following calendar month. In addition, California Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

85.    Defendants knowingly and willfully failed to pay Plaintiff all wages earned and owed to him when due as required by California Labor Code Section 204.

86.    Pursuant to California Labor Code Section 210, failure to pay the wages of each employee as provided in Labor Code Section 204 subjects Defendants to a civil penalty of: (1) one hundred dollars ($100.00) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200.00) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

87.    Defendants' conduct as described herein violates California Labor Code Section 204. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 200, 210, 226, 558, 2699, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover the unpaid balance of wages due and owed to him by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**ELEVENTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Lab. Code §§ 201, 202, 203]**

18

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

**(Against All Defendants)**

88.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

89.    Pursuant to California Labor Code Sections 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code Section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

90.    Pursuant to California Labor Code Section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

91.    California Labor Code Section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code Sections 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) workdays.

92.    Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with California Labor Code Sections 201 and 202.

93.    As a result, Plaintiff is entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code Section 203, together with interest thereon, as well as other available remedies.

/ / /

/ / /

**TWELFTH CAUSE OF ACTION**

**Failure to Maintain Accurate Payroll Records**

**[Cal. Lab. Code §§ 226, 1174, 1174.5; IWC Wage Orders]**

**(Against All Defendants)**

94.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

19

1    95.    Defendants failed to maintain complete and accurate payroll records for Plaintiff

2  throughout the duration of his employment, showing work period start and stop times, meal period

3  start and stop times, gross wages earned, total hours worked, all deductions made, net wages earned,

4  the name and address of the legal entity employing Plaintiff, all applicable hourly rates in effect

5  during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly

6  rate.

7    96.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor

8  Code Sections 1174.5 and 558 and other applicable laws and regulations.

9                    **THIRTEENTH CAUSE OF ACTION**

10              **Failure to Furnish Accurate Itemized Wage Statements**

11                  **[Cal. Lab. Code §§ 226; IWC Wage Orders]**

12                      **(Against All Defendants)**

13    97.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this

14  Complaint as though fully set forth herein.

15    98.    Defendants failed to provide Plaintiff with timely and accurate wage statements

16  pursuant to California Labor Code Sections 226(a)(1)-(9) by failing to include one or more of the

17  required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked

18  (Cal. Lab. Code § 226(a)(2)); number of piece rate units earned and all applicable piece rates (Cal.

19  Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab.

20  Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name

21  and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7));

22  the name and address of the legal entity employing Plaintiff (Cal. Lab. Code § 226(a)(8)); and/or all

23  applicable hourly rates in effect during each pay period and the corresponding number of hours

24  worked at each hourly rate (Cal. Lab. Code § 226(a)(9)).

25    99.    Defendants thus are liable to Plaintiff for statutory and civil penalties pursuant to Labor

26  Code Sections 226, 226.3, 246 and 558 and other applicable laws and regulations.

27                    **FOURTEENTH CAUSE OF ACTION**

28                    **Unfair and Unlawful Business Practices**

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

**[Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]**

**(Against All Defendants)**

100.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

101.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or applicable IWC Wage Orders, as alleged herein, including but not limited to Defendants' failure and refusal to provide required meal periods, Defendants' failure and refusal to provide required rest periods, Defendants' failure and refusal to reimburse necessary business expenditures, Defendants' failure and refusal to pay all wages due and owed to discharged or quitting employees, Defendants' failure and refusal to furnish accurate itemized wage statements, and Defendants' failure and refusal to maintain required records, constitutes an unfair and unlawful business practice under California Business and Professions Code Section 17200 *et seq*.

102.    Defendants' violations of California wage and hour laws as alleged herein constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

103.    Defendants have avoided payment of meal and rest period premium wages, necessary business expenditures, wage statement damages, waiting time penalties, and other benefits as required by the California Labor Code, the California Code of Regulations, and applicable IWC Wage Orders. As a result of these predicate violations, Defendants additionally have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

104.    As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff.

105.    Defendants' unfair and unlawful business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff the wages and other compensation unlawfully withheld from him. Plaintiff is entitled to restitution of all monies to be disgorged from Defendants in an amount according

**EXHIBIT A**

1    to proof at the time of trial.

2                          **PRAYER FOR RELIEF**

3           WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount

4    according to proof, as follows:

5           1.   For a money judgment representing compensatory damages including lost wages,

6                earnings, commissions, and other employee benefits, and all other sums of money,

7                together with interest on these amounts; for other special damages; and for general

8                damages for mental pain and anguish and emotional distress;

9           2.   For prejudgment interest on each of the foregoing at the legal rate from the date the

10               obligation became due through the date of judgment on this matter;

11          3.   For punitive damages pursuant to Civil Code Section 3294 in an amount sufficient to

12               punish Defendants for the wrongful conduct alleged herein and to deter such conduct

13               in the future;

14          4.   For Defendants to be ordered and enjoined to make restitution to Plaintiff and

15               disgorgement of profits from their unlawful business practices and accounting,

16               pursuant to California Business and Professions Code Sections 17203 and 17204;

17          5.   For payment of unpaid meal and rest period premium wages pursuant to California

18               Labor Code Sections 226.7 and 512 and applicable IWC Wage Orders;

19          6.   For reimbursement of necessary business expenditures pursuant to California Labor

20               Code Section 2802;

21          7.   For payment of penalties in accordance with California law, including but not limited

22               to penalties pursuant to California Labor Code Sections 203 and 226(e);

23          8.   For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA,

24               Labor Code, and/or any other basis;

25          9.   For pre- and post-judgment interest;

26          10. For penalties as required by law; and

27          11. For all such other and further relief that the court may deem just and proper.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**

1

2    DATED:  April 18, 2022

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

LABOR LAW PC

By:_____

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which

Plaintiff has a right to jury trial.

DATED:  April 18, 2022

LABOR LAW PC

By:_____

Danny Yadidsion
Shelley K. Mack
Attorneys for Plaintiff
ABEL MORENO

23
SECOND AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT A**